Stuart Kinard (on appeal only), Houston, for appellant; Fred Heacock, Houston, Sarah Weddington, Austin, of counsel.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a conviction for abortion; the punishment, two (2) years.

This conviction was affirmed by this Court in Thompson v. State, Tex.Cr.App., 493 S.W.2d 913 (1971). However, the Supreme Court of the United States, ——

U.S. ——, 93 S.Ct. 1411, 35 L.Ed.2d 682, granted certiorari, vacated the judgment of the Court of Criminal Appeals, and remanded the cause to this Court for further proceedings in conformity with their opinion in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

The opinion of the Supreme Court requires us to reverse and dismiss this cause.

The judgment of the trial court is reversed, and the prosecution is ordered dismissed.

Tinnie W. SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46147.

Court of Criminal Appeals of Texas.

May 1, 1973.

**794**

Barry P. Helft (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, thirty (30) years.

In view of our disposition of this cause a recitation of the facts is unnecessary.

Appellant's second and third grounds of error relate to the punishment hearing. While cross-examining appellant's reputation witness, the State's attorney propounded the following question, to which appellant's objection was overruled:

"Q. *Did you know or have you heard* that Tinnie Simpson on three separate occasions sold heroin? [Emphasis Supplied]

"A. No, sir."

Later, Dallas Police Officer Herman Manley testified that while working as an undercover narcotic agent, early in his police career, he had known appellant by the name of Robert and had occasion to come in contact with him on three separate dates which he named. During argument, the proescutor made the following remark to which appellant's objection was sustained, his request for a jury instruction granted, but his motion for a mistrial denied:

"MR. JOHNSON [Prosecutor]: . . . By probating this case you would be giving a person who traffics in drugs not only in this case but on three other occasions that you have heard of from the witness stand—

"MR. CUNNINGHAM: Your Honor, we will object to that. There's no evidence in the record that he traffics in drugs in three other cases."

In regard to the question propounded to the reputation witness, this Court has consistently held that, while a reputation witness may be asked whether he has heard of acts of the accused inconsistent with the reputation he has testified to, the State is expressly prohibited from framing the interrogatories to imply specific acts of misconduct or to imply that appellant was, in fact, guilty of the said acts. Webber v. State, Tex.Cr.App., 472 S.W.2d 136; Pitcock v. State, 168 Tex.Cr.R. 204, 324 S.W. 2d 855; Parasco v. State, 168 Tex.Cr.R. 89, 323 S.W.2d 257; McNaulty v. State, 138 Tex.Cr.R. 317, 135 S.W.2d 987.

The argument in question was clearly outside the record. It was highly improper and prejudicial. There is no evidence in the record that this appellant trafficked in drugs on three other occasions. Whaley v. State, Tex.Cr.App., 367 S.W.2d 703; Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230 (1973); Stein v. State, Tex. Cr.App., 492 S.W.2d 548 (1973); Stearn v. State, Tex.Cr.App., 487 S.W.2d 734.

Further, the prosecutor's remark was such that the instruction to the jury was insufficient to cure the error. Lucas v. State, Tex.Cr.App., 378 S.W.2d 340;

Jackson v. State, Tex.Cr.App., 363 S.W.2d 947; Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731.

For the reasons shown, the case is reversed and the cause remanded.