**James Richard PEARCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48778.**

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

R. Wm. Wood and D. Michael Gregory, Denton, for appellant.

John Lawhon, County Atty., Michael W. George, Asst. County Atty., Denton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

On rehearing appellant challenges our original disposition of his fourth ground of error, and contends that Simpson v. State, Tex.Cr.App., 493 S.W.2d 793, dictates reversal in this case.

In *Simpson* this Court held that the improper argument there made, in light of the improper question upon which it was apparently based, was not cured by the court's instruction to the jury. The complained of argument in this case was not of such a degree, nor was the posture of the case as it stood at that time so aggravated, as to render the granting of a mistrial the only just course of action. It is not every improper argument that requires a new trial. The court's instruction to the jury to disregard was sufficient to cure the error and render it harmless.

In *Simpson*, the prosecutor had previously asked a witness "*Did you know* or have you heard" (emphasis added) of three prior offenses by the defendant and the witness denied having known or heard of any such acts. Later the prosecutor elicited testimony from a police officer that while working as an undercover narcotics agent he had come in contact with the defendant on three specific dates. On this posture of the case this Court held the prosecutor's reference to the defendant in

**283**

argument to the jury as "a person who traffics in drugs not only in this case but on three other occasions that you have heard from the witness stand—," was improper and prejudicial beyond the power of an instruction to disregard to cure.

In this case the only aggravating element to which the appellant directs our attention is a witness' affirmative response to the question of whether she "had heard" of appellant having been arrested for marihuana. Not only was the question proper rather than improper as in *Simpson*, but the response was affirmative, not a denial. Although the argument that referred to appellant as "a man who had been arrested for possession of marihuana" was clearly improper, we are unable to say (as was the case in *Simpson*) that the posture of the case rendered the instruction to the jury to disregard insufficient to protect appellant's rights.

We also observe that appellant did not request further instructions to the jury in the charge regarding the matter now complained of.

Appellant's motion for rehearing is denied.