Jesse SOTO, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–90–006–CR.

Court of Appeals of Texas, Fort Worth.

June 12, 1991.

Terry M. Casey, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Lisa C. McMinn, Asst. Dist. Atty., for appellee.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

HILL, Justice.

Jesse Soto, Jr. appeals his conviction by a jury of the offense of possession of a controlled substance, amphetamine of less than twenty-eight grams. The jury, finding enhancement allegations to be true, assessed his punishment at life imprisonment in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. Soto complains in six points of error that the trial court erred in: (1) holding that the evidence is sufficient to sustain the conviction because the evidence is insufficient to prove possession; (2) receiving evidence resulting from a warrantless arrest without probable cause; (3) receiving evidence resulting from a warrantless and nonconsensual search of the vehicle Soto had been driving; (4) failing to grant a mistrial because of improper jury argument suggesting that Soto was a drug dealer; (5) overruling Soto's objection to prejudicial jury argument asking the jury to assess punishment for a collateral crime; and (6) overruling Soto's objection to prejudicial jury argument attacking defense counsel.

We affirm because: (1) the evidence is sufficient to support Soto's conviction for possession of amphetamine since there are affirmative links to connect him to the drug found underneath the driver's seat of the automobile he was driving; (2) Officer Scott's stop and arrest of Soto and his search of Soto's vehicle were valid in view of Soto's commission of a traffic offense in the officer's presence and his subsequent possession of a dangerous drug in the officer's presence; (3) the search of Soto's vehicle was valid in view of his lawful arrest; (4) the prosecutor's argument about drug dealers was a reasonable inference from the evidence, and, if not, was

properly cured by the trial court's instruction; and (5) Soto's trial objections to other arguments do not comport with the points of error on appeal and therefore do not preserve error.

■ Soto contends in point of error number one that the evidence is insufficient to establish that he was in possession of amphetamine.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (opinion on reh'g). The Texas Court of Criminal Appeals has also held that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

Fort Worth Police Officer David Scott observed Soto driving without a seat belt as Soto exited a motel parking lot. Scott testified that Soto seemed startled upon observing the officer, then pulled onto an expressway service road and accelerated. Officer Scott said he thought Soto was running from him.

Scott followed Soto as he went around the block and parked in a parking lot of a motel adjacent to the one from which he started. As Scott pulled his car behind Soto's he saw Soto ducking down in the car. Soto got out of his car with his hands in his pockets and began walking toward Scott. Soto removed his hands from his pockets when Scott ordered him to do so. Soto had a small box in his hand containing Pamelor, a drug that contained a warning that "Federal law prohibits dispensing this drug without a prescription." When Soto told Scott he had no prescription for the drug, Scott arrested him for possession of a controlled substance. Pamelor is not a controlled substance under either state or federal law.

Scott and another officer searched Soto's car. In the car they found two handguns, a pair of Japanese swords, glassware and chemicals used in the manufacture of controlled substances, and a Crown Royal bag containing plastic baggies of a white powdery substance, later determined to be amphetamine. The amphetamine was found underneath the front seat, on the driver's side, next to a loaded .38 caliber revolver. Both the interior of the car and Soto's clothing smelled of chemicals used to manufacture controlled substances.

We hold that the evidence is sufficient to sustain Soto's conviction for possession of the amphetamine. Relying on *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987), Soto urges that there are no affirmative links to show that he possessed the amphetamine found by the officers. We hold that the smell of ether, a chemical used in the manufacture of controlled substances, that permeated the vehicle and Soto's clothing, along with Soto's ducking down in the vicinity of the drug when confronted by a police officer, were sufficient affirmative links to sustain Soto's conviction. We overrule point of error number one.

■ Soto argues in points of error numbers two and three that the trial court erred in admitting evidence discovered in the search of the automobile he was driving when he was arrested without a warrant because there was no probable cause for his arrest.

Scott's initial stop of Soto was justified by the traffic offense of not wearing a seat belt committed by Soto in Scott's presence. *See Duncantell v. State*, 563 S.W.2d 252, 256 (Tex.Crim.App.1978).

■ After stopping Soto, Officer Scott discovered that Soto was in possession of Pamelor, a drug that is not a controlled substance but does meet the definition of a dangerous drug as defined in section 483.-001 of the Texas Health and Safety Code. Section 483.041(a) provides that the possession of such a drug is an offense unless obtained from a pharmacist acting in the

manner described by section 483.042(a)(1) or a practitioner acting in the manner described by section 483.042(a)(2).

Section 483.042(a)(1) describes the issuance of a dangerous drug in accordance with a prescription written by a practitioner. Soto told Officer Scott that he had no prescription for the drug. Section 483.042(a)(2) describes the delivery of the dangerous drug by a practitioner with a label attached containing the name and address of the practitioner, the date the drug is delivered, the name of the patient, and other information, including the name and strength of the drug and instructions for its use. Soto's Pamelor did not include such a label. Consequently, Officer Scott had probable cause to arrest Soto for the possession of a dangerous drug, a Class A misdemeanor. Soto's arrest was therefore valid, even though Officer Scott mistakenly believed Pamelor was a controlled substance. *See Williams v. State,* 726 S.W.2d 99, 101 (Tex.Crim.App.1986).

▪ "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Russell v. State,* 644 S.W.2d 554, 555 (Tex. App.—Dallas 1982, pet. ref'd). The warrantless search of Soto's vehicle was therefore justified as a search incident to a lawful arrest. We need not reach Soto's contentions that the search was not shown to be a valid inventory search. We overrule points of error numbers two and three.

▪ Soto urges in point of error number four that the trial court erred by failing to grant his motion for mistrial after the prosecutor made an argument possibly referring to him as a drug dealer. The trial court sustained Soto's objection and instructed the jury to disregard the argument.

The argument Soto complains of is as follows:

[By the Prosecutor:] This is an open and shut case, Ladies and Gentlemen. Defendant's Counsel would have you believe that the only way we can prove possession is if we catch somebody red-handed or if we catch him driving his car registered in his name, you know, with his designer name plates with his name on it. And drug dealers and users are smarter than that. They are not going to use cars in their name—

The prosecutor did not directly argue to the jury that Soto was a drug dealer. In the event that we construe the argument as such a reference, we hold that in view of the drug manufacturing paraphernalia and weapons in the car such an argument was a reasonable inference from the record.

▪ Ordinarily, any harm from improper argument is cured by an instruction to disregard, unless the argument is so inflammatory that its prejudicial effect cannot be removed by the instruction. *McKay v. State,* 707 S.W.2d 23, 37 (Tex.Crim.App. 1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). We hold that even if the prosecutor's argument were error that it was cured by the trial court's instruction to disregard.

Soto relies on the case of *Simpson v. State,* 493 S.W.2d 793 (Tex.Crim.App.1973), a case in which the Texas Court of Criminal Appeals held that a prosecutor's argument that Simpson was a drug dealer was so inflammatory and prejudicial that it was not cured by the trial court's instruction to disregard. In that case there was no evidence suggesting that Simpson was a drug dealer. The prosecutor argued to the jury that Simpson had trafficked in drugs on that occasion and three other occasions.

*Simpson* is distinguishable from the facts of this case. As we have noted, there is evidence in this case from which one might reasonably infer that Soto was a drug dealer. We also have noted that any suggestion by the prosecutor's argument that Soto was a drug dealer was indirect as compared to the very direct reference in *Simpson.* We overrule point of error number four.

Soto insists in point of error number five that the trial court erred in overruling his objection to the prosecutor's argument that

asked the jury to assess punishment for a collateral crime.

The argument Soto complains of is as follows:

[By the Prosecutor:] But I'd also like to submit to you, Ladies and Gentlemen, that the proper penalty for this kind of case not only based on the prior convictions but based on the evidence you saw in the guilt or innocence—I don't think it's necessary but I want to at least remind you of the weapons we found, of the manufacturing components that we found—

Soto's counsel objected to the argument as follows:

[By defense counsel:] Objection. No evidence of manufacturing. That's outside the record, and he is arguing his own personal opinion for the jury to consider and it's unsworn testimony. It's improper jury argument, and we object to it.

 The trial court overruled Soto's objection. We note that Soto's objection to the argument at trial was that it was unsworn testimony and that it was outside the record. On appeal, he contends that the argument was an improper request that the jury assess punishment for collateral offenses. Contentions on appeal that do not comport with the specific objection at trial are not preserved for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986). We overrule point of error number five.

 Soto asserts in point of error number six that the trial court erred by overruling his objection to the prosecutor's jury argument that attacked defense counsel. The argument complained of is as follows:

[By the prosecutor:] And then there was the attempt to mischaracterize the testimony of an I.D. technician, identification technician, as Mr. Courtney is to be believed, as I submit it's certainly within your purview to do, much lesser qualifications and skill than he. And there is no testimony. And so although I could, under the procedure and law, go outside the record to reply to Mr. Blankenship's attempt to go outside the record and try to make up testimony, I'm not going to

do that. I'm going to rely on the evidence you have before you. We don't need to cheat here.

Soto's objection to the argument is as follows:

[By defense counsel:] Your Honor, I object that that's improper argument. It's uncalled for, and it's not shown by what actually occurred here in the courtroom.

Again, we note that Soto's contention on appeal varies from the objection he made at the trial court. Consequently, nothing is preserved for review. We overrule point of error number six.

The judgment is affirmed.