TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00600-CR







Tony Lee Green, a/k/a Tommy Lee Green, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-079, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2937 (Tex. Health & Safety Code Ann. § 481.115, since amended). The jury assessed
punishment, enhanced by two previous felony convictions, at imprisonment for forty years.

 Police officers executed a search warrant at a Lockhart address on February 4,
1994. Among those found inside the house was appellant, who was discovered lying on a bed
with a plate on his stomach. The plate held three small plastic bags containing crack cocaine. 
Police found more crack cocaine and a glass crack pipe on the floor of the bedroom. Additional
crack cocaine was found in the living room of the house. One of the officers testified that
appellant and the other occupants of the house displayed the usual symptoms of crack cocaine
intoxication.

 In eleven points of error, appellant contends the district court erred by admitting
in evidence a diagram of the house, the cocaine, the crack pipe, and other items seized during the
search over his objection that the search warrant was not supported by probable cause. U.S.
Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp.
1995). The supporting probable cause affidavit relied in part on information received from an
unnamed informer. The affidavit stated that the informer had told the affiant that appellant and
another man were "involved in the trafficking of narcotics out of the residence at 617 Persimmon
Street," that the informer "has observed cocaine inside the residence in the past 72 hours and has
observed a transaction of cocaine for currency and property," and that the informer "has supplied
reliable and correct information in the past which has led to the seizure of narcotics and arrest of
defendants." Appellant argues that the latter statement fails to reflect that the informer was
familiar with or knowledgeable about cocaine, as opposed to narcotics in general, and therefore
the informer's claim that he had seen cocaine in the house was not shown to be reliable.

 Appellant's contention does not comport with his trial objection. At trial, appellant
objected to what he considered to be the staleness of the informer's information: "My position
there is that there is not sufficient data to support the purported confidential informant information
based on the fact that he was there 72 hours before this search warrant was issued . . . . He just
saw it three days earlier. My position is that it's not probable cause to support the proposition
that three days later there would be cocaine at that premises." The contention that the informer
was not shown to be reliable was not made to the district court. A trial objection that differs from
the complaint on appeal preserves nothing for review. Sterling v. State, 800 S.W.2d 513, 521
(Tex. Crim. App. 1990); Tex. R. App. P. 52(a). 

 In addition, appellant's trial objection was not timely. Appellant did not file a
motion to suppress evidence. Appellant permitted a police officer to testify to the execution of
the search warrant without objection. Appellant did not object when the officer used the diagram
of the house to illustrate his testimony or when the officer described the discovery of the cocaine,
crack pipe, and other items appellant now contends were unlawfully seized. Appellant also did
not object when the exhibits were displayed before the jury. Appellant voiced his objection only
when the exhibits were formally offered in evidence. Having failed to object to the evidence at
the earliest opportunity, appellant failed to preserve error. Marini v. State, 593 S.W.2d 709, 714
(Tex. Crim. App. 1980); Thomas v. State, 884 S.W.2d 215, 217 (Tex. App.--El Paso 1994, pet.
ref'd); Turner v. State, 642 S.W.2d 216, 217 (Tex. App.--Houston [14th Dist.] 1982, no pet.);
Tex. R. App. P. 52(a).

 Appellant's points of error are without merit in any event. "Totality of the
circumstances" analysis is used to review the adequacy of a search warrant affidavit under both
the United States and Texas constitutions. Illinois v. Gates, 462 U.S. 212 (1983); Eisenhauer v.
State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988). (1) The affidavit must be interpreted in a
common sense and realistic manner, and the magistrate is permitted to draw reasonable inferences
from the facts stated. Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987). In our
opinion, the facts stated in the affidavit were sufficient to warrant the conclusion that the
informer's information was reliable. Points of error one through five and seven through twelve
are overruled.

 Next, appellant contends the district court erred by overruling his motion for an
instructed verdict of not guilty. This contention is, in effect, a challenge to the legal sufficiency
of the evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). Appellant
argues, as he did in making his motion for instructed verdict, that when the cocaine and other
evidence he contends was unlawfully seized is excluded from consideration, the remaining
evidence is insufficient to support a finding of guilt.

 We have already overruled appellant's points of error complaining of the admission
of the incriminating evidence. Even if those points of error were meritorious, appellant's
challenge to the sufficiency of the evidence would fail. In determining the legal sufficiency of the
evidence to support a criminal conviction, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). An appellant may not bootstrap himself into an acquittal by arguing first that
evidence was erroneously admitted and then that the erroneously admitted evidence must be
discounted in considering the sufficiency of the evidence to sustain the conviction. Collins v.
State, 602 S.W.2d 537 (Tex. Crim. App. 1980). When all of the evidence in this cause is viewed
in the light most favorable to the verdict, it is more than sufficient to sustain the conviction. 
Points of error six and thirteen are overruled.

 In point of error sixteen, appellant complains of the district court's failure to grant
a mistrial based on improper jury argument. Appellant contends the prosecutor went outside the
record when he said, in his closing argument at the punishment stage, "We don't have Tommy
Green selling drugs to undercover narcotics officers, we don't have him on videotape selling drugs
to somebody else, but on February 4th of 1994, there was a crack house at 617 Persimmon Street
here in Lockhart, and on February 4th, 1994, Tommy Green was a crack dealer --." The court
sustained appellant's objection to this statement and instructed the jury to disregard it.

 Appellant had $857 in his wallet on the night he was arrested. During the search
of the house, police found numerous small plastic bags and vials of the sort used to package crack
cocaine for sale. The police also found in the house paraphernalia commonly used to convert
powder cocaine into crack cocaine. We believe the prosecutor's argument was a reasonable
deduction from this evidence. Soto v. State, 810 S.W.2d 861, 864 (Tex. App.--Fort Worth 1991,
pet. ref'd). We also find that any error in the argument was cured by the instruction to disregard. 
Cooks v. State, 844 S.W.2d 697, 728 (Tex. Crim. App. 1992). Point of error sixteen is
overruled.

 Finally, appellant contends the district court erred by admitting evidence of
appellant's conviction in Travis County cause number 67,422, one of the previous convictions
alleged for enhancement of punishment, and by overruling his motion for an instructed verdict of
not true to this enhancement allegation. Appellant urges that there is a fatal variance between the
pleading and the proof with regard to the date of the conviction in cause number 67,422. 

 The documents in the penitentiary packet reflect that appellant was adjudged guilty
in cause number 67,422 on September 28, 1982, but that the court suspended imposition of
sentence and placed appellant on probation on October 13, 1982. Appellant's probation was
revoked on May 1983 and sentence was imposed. On October 12, 1984, appellant was granted
a new trial as to punishment and a reduced sentence was imposed that same day. Appellant
contends that the date of conviction in cause number 67,422 is shown by the evidence to be
October 13, 1982, rather than October 12, 1984, as alleged in the indictment.

 The purpose of an enhancement allegation is to give the defendant notice of the
earlier conviction so he can prepare a defense. Cole v. State, 611 S.W.2d 79, 82 (Tex. Crim.
App. 1981). A variance between the enhancement allegation and the proof at trial is material and
fatal only if the defendant shows surprise or prejudice. Freda v. State, 704 S.W.2d 41, 43 (Tex.
Crim. App. 1986). Absent such a showing, a discrepancy between the pleading and proof
regarding the date of a previous conviction is not fatal. Thompson v. State, 563 S.W.2d 247, 251
(Tex. Crim. App. 1978); Benton v. State, 770 S.W.2d 946 (Tex. App.--Houston [1st Dist.] 1989,
pet. ref'd). In the cause before us, the indictment correctly alleged the previous offense, its
county and cause number, and the convicting court. Appellant made no effort to prove and does
not now contend that he was surprised or prejudiced by the alleged variance in the date of
conviction. Points of error fourteen and fifteen are overruled.


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: July 12, 1995

Do Not Publish
1. In Eisenhauer, the Court of Criminal Appeals rejected the contention, advanced by appellant
in his brief, that article 18.01(b) of the Code of Criminal Procedure imposes a stricter test for
probable cause than is constitutionally mandated. Eisenhauer, 754 S.W.2d at 162-64; Tex. Code
Crim. Proc. Ann. art. 18.01(b) (West Supp. 1995).