NO. 07-05-0193-CR


 07-05-0194-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 31, 2005



______________________________



ESEQUIEL ALBERTO ARMIJO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 39,345-A, 45,737-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Esequiel Alberto Armijo brings companion appeals from the adjudication
of his guilt for the offenses of aggravated sexual assault and failure to register as a sex
offender. Agreeing with appointed counsel's conclusion the record fails to show a basis
to support the appeals, we affirm both judgments.

 Appellant was initially indicted for aggravated sexual assault in July 1998. That
charge was assigned cause number 39,345. He entered a plea of guilty in conformity with
a plea agreement in June 2002. Also in conformity with that agreement, the trial court
deferred adjudication of guilt for a period of five years conditioned on appellant's
compliance with terms set by the court. 

 The State filed a motion to adjudicate appellant's guilt in August 2002 alleging he
committed a new offense by failing to register as a sex offender. (1) Within weeks, the State
obtained an indictment charging appellant with the same offense. This charge was
assigned cause number 45,737. Both matters were heard in April 2003. On his plea of
guilty in 45,737 the trial court deferred adjudication for two years. Appellant plead true to
the allegations in the State's motion to adjudicate guilt in cause number 39,345. The court
did not adjudicate appellant guilty but did alter the conditions of his community supervision
by placing him in the intensive supervision program. The deferral in 45,737 was
subsequently extended for an additional two years. 

 The State filed a second motion to adjudicate appellant's guilt in cause number
39,345 in April 2005. This motion alleged nine violations including three new sexual
assault offenses arising out of one incident, failure to register as a sex offender, failure to
pay required fees, establishing contact with a minor and living with a minor. It also moved
for adjudication of appellant's guilt in cause number 45,737 alleging seven grounds. This
motion alleged the same grounds as the motion in 39,345 with the exception of two 
allegations of failure to pay fees. 

 The trial court conducted a hearing on both motions on May 4, 2005. The State
waived its allegations of failure to register as a sex offender, but presented witnesses
supporting its contention that appellant committed sexual assault against a fourteen year
old neighbor on April 20, 2005. (2) It also presented witnesses who testified to appellant's
failure to make all required payments of supervision fees and costs in 39,345. The
evidence also showed appellant missed a single month's payment of supervision fees in
45,737. In his testimony, appellant did not deny the victim was in his home. He asserted
she came there seeking food and he did not commit any offense against her.

 At the conclusion of the hearing the trial court found true each of the remaining
grounds alleged in each motion except that appellant lived in the same house with a
person under 17 years of age. It adjudicated appellant guilty in each case and sentenced
him to life imprisonment and a $10,000 fine for aggravated sexual assault in cause number 
39,345 and twenty years confinement and a $10,000 fine for failure to register as a sex
offender in cause number 45,737. Appellant perfected appeal from both judgments. 

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has searched the record and, in his professional
opinion, under the controlling authorities and facts of this case, there is no reversible error
or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The
brief thoroughly discusses the procedural history of the case, the applicable law, and the
evidence presented at trial. Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.-Waco 1994, pet. ref'd). By letter, this court also notified appellant of
his opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a response. The State has not filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d 658,
661-62 (Tex.Crim.App. 1999). No appeal may be taken from the trial court's decision to
proceed with an adjudication of guilt on a deferred adjudication. Phynes v. State, 828
S.W.2d 1, 2 (Tex.Crim.App.1992); Hargrave v. State, 10 S.W.3d 355, 357 (Tex.App.-
Houston [1st Dist.] 1999, pet. ref'd). Appellant did not perfect appeal from the order
deferring adjudication in either cause number. After an adjudication of guilt, appeal may
be brought challenging issues arising at the subsequent punishment hearing, including
claims of ineffective assistance of counsel. Kirtley v. State, 56 S.W.3d 48, 51
(Tex.Crim.App. 2001). Counsel's brief discusses that issue separately, including the
standard of review for determining ineffective assistance of counsel. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 

 Our review convinces us that appellate counsel conducted a complete analysis of the
record and applicable law. We have also made an independent examination of the record
to determine whether there are any non-frivolous grounds on which an appeal could
arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford, 813 S.W.2d at 511. We agree it presents no meritorious issue which
would support an appeal. Accordingly, counsel's motion to withdraw is granted and we
affirm both judgments of the trial court. 


 James T. Campbell

 Justice




Do not publish. 

1. Article 62.01(5)(I) defines a "reportable conviction or adjudication" for purposes 
of sex offender registration statutes to include deferred adjudication for sexual assault
offenses. Tex.Code Crim.Proc. Ann. art. 62.01(5)(I) (Vernon Supp. 2005). 
2. This testimony included that of the victim and of police officers who found the
victim in a bed in appellant's home.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









 NO.  07-09-0229-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                          NOVEMBER
30, 2010

 

                                            ______________________________

 

 

CLIFTON
YOUNG,

 

                                                                                                            Appellant

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                      FROM
THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

 

                        NO.
2008-421,326; HON. CECIL G. PURYEAR, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Clifton Young was convicted of tampering
with evidence.  In challenging that
conviction, he contends the evidence is insufficient to sustain it and that the
trial court erred in failing to grant his motion for mistrial during the
punishment phase.  We affirm the
judgment. 

            

Background

            On September 21, 2008, Officer Brian Johnston was
watching a house in Lubbock known for drug activity.  He observed appellant drive up to the
residence, go inside for a few minutes, and then leave.  In driving away, appellant failed to signal
his intent to enter the lane of travel and failed to stop at a stop sign.  Johnston executed a traffic stop and noticed
that appellant was nervous and lacked a valid drivers license.  

While
speaking to appellant, Johnston also noticed a rocklike substance in the corner
of appellants mouth.  The officers past
experience with rock cocaine caused him to believe that the substance was
cocaine.  He had appellant get out of the
vehicle and asked him to spit out the substance.  Johnston then observed that appellant
appeared to have swallowed a portion of the rock because there were crumbs on
his mouth and the rock looked smaller.  He
explained to appellant the difference between tampering with evidence and
possession of drugs.  Johnston tried to
place his asp in appellants mouth to keep him from swallowing the rest but was
unsuccessful.    Johnston warned appellant that he could
possibly lose his life by swallowing the drugs. 
Appellant finally admitted that he had swallowed a dub meaning a $20
piece of crack.  The officer transported
appellant to the emergency room.  

            When appellant provided a history to the emergency room
nurse, he informed her he was being chased by the cops and swallowed cocaine to
hide the evidence.  Appellant was given
activated charcoal to absorb the cocaine or help him to vomit the contents of
his stomach.  At trial, appellant denied
he had anything in his mouth and claimed he went along with everything the
officer said hoping he would be let go when it was discovered that there was no
cocaine.  

            Sufficiency of the Evidence

            We review the sufficiency of the evidence under the
standard discussed in Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
See Brooks v. State, No. PD-0210-09,
2010 Tex. Crim. App. Lexis 1240
at *25-26 (Tex. Crim. App. October 6, 2010). 
Appellant contends the evidence is insufficient because it shows that he
destroyed the evidence as opposed to concealing it and because the only
investigation in progress was a traffic investigation.    

            Appellant was charged with intentionally or knowingly
concealing a piece of evidence while knowing that a police investigation was in
progress and with the intent to impair the availability of the evidence in the
investigation.  See Tex. Penal Code Ann. §37.09(a)(1) (Vernon Supp. 2010) (defining tampering
with evidence to occur when a person, knowing that an investigation or official
proceeding is pending or in progress, alters, destroys, or conceals any record,
document, or thing with intent to impair its verity, legibility, or
availability as evidence in the investigation or official proceeding).  To conceal means to prevent disclosure or
recognition of or to place out of sight. 
Lujan v. State, No.
07-09-0036-CR, 2009 Tex. App. Lexis 7121,
at *5 (Tex. App.Amarillo September 9, 2009, no pet.) (not designated for
publication).  It also means to hide or
keep from observation, discovery, or understanding.  Hollingsworth v. State, 15 S.W.3d 586, 595 (Tex. App.Austin 2000, no
pet.).  By swallowing cocaine that might be
observable to the officer during a conversation, a rational trier of fact could
find beyond a reasonable doubt that appellant sought to prevent its disclosure
or to place it out of sight.  See Lewis v. State, 56 S.W.3d 617, 625 (Tex. App.Texarkana 2001, no pet.) (finding the evidence sufficient to show the defendant
concealed evidence when he put it in his mouth and swallowed it).  There was no showing that the rock of cocaine
would necessarily be destroyed by swallowing it.[1]
 Moreover, evidence was before the jury
that appellant admitted to the officer that he had swallowed cocaine, and
appellant told hospital personnel that he swallowed cocaine in an attempt to
hide evidence.  

            Appellant relies upon Hollingsworth v. State, in which the officers were investigating a knife
fight when they observed the defendant, who fit one of the descriptions,
ordered him to stop, and watched him duck behind a dumpster and spit out two
white objects.  Hollingsworth v. State, 15 S.W.3d at 589-90.  There was testimony that persons often carry
cocaine in their mouths, and the court found that there was no evidence that he
concealed the cocaine in his mouth in an attempt to impair its availability as
evidence.  Id. at 595.   Likewise, appellant argues that because
Johnston did not see him place the cocaine in his mouth, he could simply have
been carrying it there. 

            However, once Johnston saw a white object in appellants
mouth, he explained to him the difference between possession of drugs and
tampering with evidence and told appellant to spit it out.  In response, appellant swallowed it.   These facts are different from those in Hollingsworth and justify a finding that appellant attempted to
conceal the evidence.

            Appellant also argues that the only investigation in
progress at the time appellant swallowed the drug was a traffic investigation
and not a narcotics investigation. See Lumpkin v. State, 129 S.W.3d 659, 663 (Tex. App.Houston [1st
Dist.] 2004, pet. refd) (holding the evidence was not sufficient to show the
officers investigation concerned narcotics when the officer saw the defendant
ingesting a white substance as he approached the defendants car as part of a
traffic stop); Pannell v. State, 7
S.W.3d 222, 223 (Tex. App.Dallas 1999, pet. refd) (holding that the defendant
was not being investigated for possession of marijuana when the officer saw him
throw a marijuana cigarette and empty a baggie from a car window as he was
being stopped for speeding).  However,
the title of the investigation and the evidence concealed need not match as
long as the accused intends to impair the availability of the evidence in an
investigation he knows is in progress.  Williams v. State, 270
S.W.3d 140, 145 (Tex. Crim. App. 2008).  Furthermore, the jury may infer
an accuseds knowledge about the existence of an ongoing investigation from
circumstantial evidence such as acts, words, and conduct.  Lujan v. State, 2009 Tex. App. Lexis
7121, at *5.  

            Prior to completely swallowing the drug, appellant was
stopped after leaving a house known for drug activity which appellant admitted
at trial.  Appellant knew the officer saw
an object in his mouth. The officer explained the difference to appellant
between possession of a narcotic and tampering with evidence.  The officer told appellant to spit out the
object. And the officer attempted with his asp to prevent appellant from
swallowing the object. From this, it could rationally be inferred that
appellant knew that a police investigation was in progress and that such
investigation was related to narcotics.  See Lewis v. State, 56
S.W.3d at 625 (evidence was sufficient to show the accused knew an
investigation was pending because he refused to spit the object out or
otherwise allow its removal after being ordered to do so).  We overrule appellants first two issues.

            Jury
Argument

            In his third issue, appellant complains of the trial
courts failure to grant his motion for mistrial due to improper closing
argument by the State.  That argument
consisted of the prosecutor referring to appellant as a known drug user, a
known drug paddler [sic].  When
appellant objected, the State offered to rephrase without a ruling from the
court.  Appellant then requested that the
trial court instruct the jury to disregard the statement which the trial court
did.  Subsequently, appellant moved for a
mistrial on the basis the statement was intending to suggest that he was
delivering drugs.  That motion was
denied.   

              We review the
trial courts denial of a motion for mistrial for abuse of discretion.  Ocon v. State, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).  A mistrial is
required only when improper argument is clearly calculated to inflame the minds
of the jury and is of such a character as to suggest the impossibility of withdrawing
the impression produced in the minds of the jury.  Hinojosa
v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999); Brock v. State, 275 S.W.3d 586, 591 (Tex. App.Amarillo 2008, pet.
refd).  In making our analysis, we
presume that the jury followed the instruction to disregard.  Weinn v. State, 281 S.W.3d 633, 642 (Tex. App.Amarillo 2009), affd, 2010 Tex. Crim. App. Lexis 793 (Tex. Crim. App. June 30, 2010); Drake v. State, 123 S.W.3d 596, 604 (Tex. App.Houston [14th
Dist.] 2003, pet. refd).  

            Appellant complains that new facts were injected into
the record when the State referred to him as a drug peddler.  He further relies upon Simpson v.
State, 493 S.W.2d 793 (Tex. Crim. App. 1973),
in which the State implied through questions asked of a witness during the
punishment phase that the defendant had sold drugs on three occasions, although
there was no evidence to support that conclusion. Here, the prosecutor offered
to rephrase as soon as the objection was made and, after the court instructed
the jury to disregard, the prosecutor explained that he meant someone dealing
with the drugs, panhandling, voluntarily consuming them.   This
indicates that the remark was an inadvertent mistake, and no further mention
was made of appellant being a drug dealer.  Moreover, appellant was sentenced to a
punishment of six years out of a possible range of two to ten years[2]
with evidence in the record of several previous convictions.  Under these circumstances, we find that the
instruction to disregard, which we presume was followed, was sufficient to cure
the error. 

            Having overruled appellants issues, we affirm the
judgment.

 

                                                                        Per
Curiam 

 

Do
not publish.

                                                                                                 











[1]A nurse testified that it would pass through the
system either by being vomited or through a bowel movement.





[2]Appellant was also assessed a fine of $5,000 out of a
possible $10,000.