NO. 07-09-0229-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2010

_____

CLIFTON YOUNG,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,326; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Clifton Young was convicted of tampering with evidence. In challenging that conviction, he contends the evidence is insufficient to sustain it and that the trial court erred in failing to grant his motion for mistrial during the punishment phase. We affirm the judgment.

*Background*

On September 21, 2008, Officer Brian Johnston was watching a house in Lubbock known for drug activity. He observed appellant drive up to the residence, go inside for a few minutes, and then leave. In driving away, appellant failed to signal his intent to enter the lane of travel and failed to stop at a stop sign. Johnston executed a traffic stop and noticed that appellant was nervous and lacked a valid driver's license.

While speaking to appellant, Johnston also noticed a rocklike substance in the corner of appellant's mouth. The officer's past experience with rock cocaine caused him to believe that the substance was cocaine. He had appellant get out of the vehicle and asked him to spit out the substance. Johnston then observed that appellant appeared to have swallowed a portion of the rock because there were crumbs on his mouth and the rock looked smaller. He explained to appellant the difference between tampering with evidence and possession of drugs. Johnston tried to place his asp in appellant's mouth to keep him from swallowing the rest but was unsuccessful. Johnston warned appellant that he could possibly lose his life by swallowing the drugs. Appellant finally admitted that he had swallowed "a dub" meaning a $20 piece of crack. The officer transported appellant to the emergency room.

When appellant provided a history to the emergency room nurse, he informed her he was being chased by the cops and swallowed cocaine to hide the evidence. Appellant was given activated charcoal to absorb the cocaine or help him to vomit the contents of his stomach. At trial, appellant denied he had anything in his mouth and claimed he went along with everything the officer said hoping he would be let go when it was discovered that there was no cocaine.

*Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 at *25-26 (Tex. Crim. App. October 6, 2010). Appellant contends the evidence is insufficient because it shows that he destroyed the evidence as opposed to concealing it and because the only investigation in progress was a traffic investigation.

Appellant was charged with intentionally or knowingly concealing a piece of evidence while knowing that a police investigation was in progress and with the intent to impair the availability of the evidence in the investigation. *See* TEX. PENAL CODE ANN. §37.09(a)(1) (Vernon Supp. 2010) (defining tampering with evidence to occur when a person, knowing that an investigation or official proceeding is pending or in progress, alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding). To conceal means to prevent disclosure or recognition of or to place out of sight. *Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *5 (Tex. App.–Amarillo September 9, 2009, no pet.) (not designated for publication). It also means to hide or keep from observation, discovery, or understanding. *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.–Austin 2000, no pet.). By swallowing cocaine that might be observable to the officer during a conversation, a rational trier of fact could find beyond a reasonable doubt that appellant sought to prevent its disclosure or to place it out of sight. *See Lewis v. State*, 56 S.W.3d 617, 625 (Tex. App.–Texarkana 2001, no pet.) (finding the evidence sufficient to show the defendant concealed evidence when he put

it in his mouth and swallowed it). There was no showing that the rock of cocaine would necessarily be destroyed by swallowing it.[1] Moreover, evidence was before the jury that appellant admitted to the officer that he had swallowed cocaine, and appellant told hospital personnel that he swallowed cocaine in an attempt "to hide evidence."

Appellant relies upon *Hollingsworth v. State*, in which the officers were investigating a knife fight when they observed the defendant, who fit one of the descriptions, ordered him to stop, and watched him duck behind a dumpster and spit out two white objects. *Hollingsworth v. State*, 15 S.W.3d at 589-90. There was testimony that persons often carry cocaine in their mouths, and the court found that there was no evidence that he concealed the cocaine in his mouth in an attempt to impair its availability as evidence. *Id.* at 595. Likewise, appellant argues that because Johnston did not see him place the cocaine in his mouth, he could simply have been carrying it there.

However, once Johnston saw a white object in appellant's mouth, he explained to him the difference between possession of drugs and tampering with evidence and told appellant to spit it out. In response, appellant swallowed it. These facts are different from those in *Hollingsworth* and justify a finding that appellant attempted to conceal the evidence.

Appellant also argues that the only investigation in progress at the time appellant swallowed the drug was a traffic investigation and not a narcotics investigation. *See Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd)

---

[1]A nurse testified that it would pass through the system either by being vomited or through a bowel movement.

*4*

(holding the evidence was not sufficient to show the officer's investigation concerned narcotics when the officer saw the defendant ingesting a white substance as he approached the defendant's car as part of a traffic stop); *Pannell v. State*, 7 S.W.3d 222, 223 (Tex. App.–Dallas 1999, pet. ref'd) (holding that the defendant was not being investigated for possession of marijuana when the officer saw him throw a marijuana cigarette and empty a baggie from a car window as he was being stopped for speeding). However, the title of the investigation and the evidence concealed need not match as long as the accused intends to impair the availability of the evidence in an investigation he knows is in progress. *Williams v. State*, 270 S.W.3d 140, 145 (Tex. Crim. App. 2008). Furthermore, the jury may infer an accused's knowledge about the existence of an ongoing investigation from circumstantial evidence such as acts, words, and conduct. *Lujan v. State*, 2009 Tex. App. LEXIS 7121, at *5.

Prior to completely swallowing the drug, appellant was stopped after leaving a house known for drug activity which appellant admitted at trial. Appellant knew the officer saw an object in his mouth. The officer explained the difference to appellant between possession of a narcotic and tampering with evidence. The officer told appellant to spit out the object. And the officer attempted with his asp to prevent appellant from swallowing the object. From this, it could rationally be inferred that appellant knew that a police investigation was in progress and that such investigation was related to narcotics. *See Lewis v. State*, 56 S.W.3d at 625 (evidence was sufficient to show the accused knew an investigation was pending because he refused to spit the object out or otherwise allow its removal after being ordered to do so). We overrule appellant's first two issues.

*Jury Argument*

In his third issue, appellant complains of the trial court's failure to grant his motion for mistrial due to improper closing argument by the State. That argument consisted of the prosecutor referring to appellant as "a known drug user, a known drug paddler [sic]." When appellant objected, the State offered to rephrase without a ruling from the court. Appellant then requested that the trial court instruct the jury to disregard the statement which the trial court did. Subsequently, appellant moved for a mistrial on the basis the statement was "intending to suggest that he was delivering drugs." That motion was denied.

We review the trial court's denial of a motion for mistrial for abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is required only when improper argument is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced in the minds of the jury. *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999); *Brock v. State*, 275 S.W.3d 586, 591 (Tex. App.–Amarillo 2008, pet. ref'd). In making our analysis, we presume that the jury followed the instruction to disregard. *Weinn v. State,* 281 S.W.3d 633, 642 (Tex. App.–Amarillo 2009), *aff'd,* 2010 Tex. Crim. App. LEXIS 793 (Tex. Crim. App. June 30, 2010); *Drake v. State*, 123 S.W.3d 596, 604 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd).

Appellant complains that new facts were injected into the record when the State referred to him as a drug peddler. He further relies upon *Simpson v. State,* 493 S.W.2d 793 (Tex. Crim. App. 1973), in which the State implied through questions asked of a witness during the punishment phase that the defendant had sold drugs on three

occasions, although there was no evidence to support that conclusion. Here, the prosecutor offered to rephrase as soon as the objection was made and, after the court instructed the jury to disregard, the prosecutor explained that he "meant someone dealing with the drugs, panhandling, voluntarily consuming them." This indicates that the remark was an inadvertent mistake, and no further mention was made of appellant being a drug dealer. Moreover, appellant was sentenced to a punishment of six years out of a possible range of two to ten years[2] with evidence in the record of several previous convictions. Under these circumstances, we find that the instruction to disregard, which we presume was followed, was sufficient to cure the error.

Having overruled appellant's issues, we affirm the judgment.


Per Curiam

Do not publish.

---

[2]Appellant was also assessed a fine of $5,000 out of a possible $10,000.

7