**Gary Mark ESTES, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–93–178–CR.**

Court of Appeals of Texas,
Fort Worth.

April 6, 1994.

Valentin Gracia, III, Arlington, for appellant.

Tim Curry, Crim. Dist. Atty., Stuart Brooks, Asst., Fort Worth, for appellee.

Before HILL, C.J., and DAY and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Gary Mark Estes appeals from his conviction by a jury for the offense of burglary of a habitation. The jury, finding that the enhancement and habitual allegations of the indictment were true, assessed Estes's punishment at fifty years in the Texas Department of Criminal Justice, Institutional Division. Estes contends in two points of error that the trial court erred by allowing the prosecutor to argue matters outside the record, inviting the jury to speculate that Estes would have committed additional crimes based upon a hypothetical fact; and that the court erred during voir dire by denying Estes's motion to quash the jury panel after the prosecutor repeatedly informed the jury that Estes was a repeat and habitual offender.

We affirm because we hold that both arguments were proper.

Estes urges in point of error number one that the trial court erred by allowing the prosecutor to argue matters outside the record that invited the jury to speculate that Estes would have committed additional crimes based upon a hypothetical fact.

Estes stole a VCR from a private residence. At the time of the theft, Fred Galindo, an owner of the VCR, was asleep in his residence near where the VCR was located. In closing arguments at the punishment phase of the trial, the prosecutor stated that Estes would have had to have seen Galindo lying on his bed, but that he went ahead and got the VCR. The trial court overruled Estes's objection that the prosecutor's comment was outside the record. Subsequently, the prosecutor asked the jury to think about what could have happened if Galindo had awakened while Estes was in his house. After the trial court overruled Estes's objection that the argument called for speculation, the prosecutor stated that there was no telling what could have happened if Galindo had awakened.

Testimony at trial showed that when it was stolen the VCR was on the floor close to the bed where Galindo slept. Consequently, it was a reasonable deduction from the evidence for the prosecutor to argue that Estes would have seen Galindo when he took the VCR.

As far as referring to the possibility that something unfortunate could have happened if Galindo had awakened to find Estes stealing his VCR, we find that also to be a reasonable deduction from the evidence as well as a proper plea for law enforcement on the theory that a burglary committed while the residents are at home should receive a harsher punishment due to the possibility of injury to the homeowner occurring as a result of the burglary. In making such an argument, the prosecutor was not asking the jury to speculate, but to assess Estes's punishment based upon the circumstances of the case. Such an argument constitutes permissible jury argument. *See Gonzales v. State,* 807 S.W.2d 830, 836 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). We overrule point of error number one.

Estes insists in point of error number two that the trial court erred in failing to grant his motion to quash the panel during voir dire after the prosecutor repeatedly implied that prior convictions were an issue in the case. He states that the prosecutor's statements were the functional equivalent of telling the venire panel that Estes was an ex-convict, and that the trial court's instructions to disregard were insufficient to cure the harm.

In this case the State alleged prior convictions of Estes in an effort to enhance his punishment. In questioning the panel during voir dire, the prosecutor said that he was trying "to educate you about some of the law that the State believes is going to apply in this case." Estes made no objection to this statement. The statement referred to the voir dire generally, not specifically to any statements or questions by the prosecutor relating to the range of punishment in the event that the evidence showed Estes to have been convicted of a prior offense.

 Subsequently, the State attempted to inquire of the jury whether, if the State were to prove that Estes had been convicted of a prior felony, it could consider the full range of punishment. The trial court sustained Estes's objections to that question before the questions were concluded and instructed the jury to disregard the prosecutor's comments.

A prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any specific allegations contained in the enhancement paragraph of a particular defendant's indictment. *Frausto v. State,* 642 S.W.2d 506, 509 (Tex.Crim.App. [Panel Op.] 1982). Our examination shows that the prosecutor in this case stayed within the guidelines announced in *Frausto.* Certainly Estes was not harmed by the trial court's action in sustaining his objection to the prosecutor's proper questions and instructing the jury to disregard them. We find that none of the prosecutor's statements improperly told or implied to the jury that Estes was an ex-convict. We overrule point of error number two.

The judgment is affirmed.