**Willie Mack THOMPSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–522–CR.**

Court of Appeals of Texas, Fort Worth.

May 4, 1995.

Robert Ford, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; David M. Curl, Terry Barlow, Asst. Dist. Attys., Fort Worth, for appellee.

Before RICHARDS, J., and CHUCK MILLER and JOE DRAUGHN, JJ., Sitting By Assignment.

OPINION

MILLER, Justice.

Appellant, Willie Mack Thompson, was convicted by a jury of the offense of delivery of a controlled substance, namely cocaine of less than twenty-eight grams.[1] Appellant

---

1. Act approved June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2935,

pled "true" to one enhancement count and two habitual counts. Thereafter, the jury assessed punishment at forty-seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In one point of error, appellant contends the State engaged in improper jury argument.

We affirm.

On March 24, 1993, Willie Thompson sold a "dime" rock to an undercover Fort Worth Police Officer. Appellant stipulated at trial that the rock was indeed cocaine.

In his sole point of error, appellant contends the State engaged in improper jury argument during the punishment phase of the trial. Appellant's complaint relates to the following exchange:

> [PROSECUTOR:] To say that [appellant] just dealt one—well, that's true, you convicted him of dealing one. If the officer had asked him for ten and gave him $100, don't you think Mr.—
>
> [DEFENSE ATTORNEY]: Your Honor, I'll object to that, too. *There was no testimony* that—that *he did that or* that he would have—*would have done that.* That's rank speculation. We object to that. [Emphasis added.]

Appellant believes that through its argument, the State was directly requesting that the jury consider a collateral offense (*i.e.,* selling or having the ability to sell larger quantities of cocaine) in assessing punishment. Relying on *Lomas v. State,* 707 S.W.2d 566 (Tex. Crim.App.1986), appellant argues that the State may not encourage the jury to try, convict, or punish a defendant for a collateral crime. *Id.* at 569. Accordingly, appellant regards the State's actions as reversible error.

In response, the State contends that appellant's complaint on appeal does not comport with the objection at trial, *see Soto v. State,* 810 S.W.2d 861, 865 (Tex.App.—Fort Worth 1991, pet. ref'd), and therefore appellant's point of error is not preserved for review. *See Johnson v. State,* 803 S.W.2d 272, 292 (Tex.Crim.App.1990), *cert. denied,* 501 U.S.

1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 685 (Tex.Crim.App. 1991). Notwithstanding the potential merits of this claim, we hold instead that the State's comments were within the realm of proper jury argument.

■ Jury argument is proper if it falls within one of four recognized categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. *Long v. State,* 823 S.W.2d 259, 267 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). Based on our review of the record, we find the State's argument proper under at least two of these categories.

■ First, the prosecutor's argument was in response to the argument of opposing counsel. The record shows that the thrust of appellant's closing argument was that he should receive a lenient sentence because he only sold the undercover officer one $10 rock of cocaine. During closing argument, defense counsel stated:

> [T]hat rock of crack cocaine is about this big. It is literally as small as you can get it and still have something to smoke....
>
> . . . .
>
> I mean, if you give 99 years to the guy with a $10 rock, what's left for the guy with twenty-eight grams of rock? ...
>
> . . . .
>
> [W]hat you found [appellant] guilty of is by virtually anybody's admission, the absolute minimum way you can commit it. I'd be hard pressed to see if anybody could get a smaller amount of dope than that....

In light of these statements, we find nothing improper in the State's response which simply pointed out to the jury that appellant sold only one rock of cocaine to the undercover officer because she only asked appellant to sell her one. However, the evidence showed that during the "buy," appellant actually possessed eight to ten rocks of crack cocaine.

*amended by* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex.Gen.Laws 3586, 3705 (current version at Tex. Health &

Safety Code Ann. § 481.112(a), (b) (Vernon Supp. 1995)).

The State argues that had the officer been willing to buy more cocaine, appellant was certainly in a position to sell more.

■ The mere fact that the State commented about a collateral offense is not sufficient, in and of itself, to warrant reversal. More important to the resolution of this matter is what the State did not say. The record is absent of any comment from the prosecutor requesting the jury assess additional punishment for that collateral crime. Therefore, we are persuaded that the State was merely asking "the jury to consider how these facts and circumstances serve as aggravating or mitigating factors in determining the severity of the punishment to be assessed for the offense charged." *Lomas,* 707 S.W.2d at 568–69.

■ Second, the prosecutor's argument could also be characterized as reasonable deduction from the evidence. Simply put, the prosecutor's comments were a proper attempt to establish the context in which the charged offense was committed—that although appellant sold only one rock of cocaine, he displayed a larger quantity of drugs that he arguably could have sold if asked. *See Estes v. State,* 873 S.W.2d 771, 772 (Tex. App.—Fort Worth 1994, pet. ref'd).

In either case, we hold that the State's jury argument was proper. Accordingly, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.