COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-506-CR
 
RONNIE D. BOBBITT
                                                       
   APPELLANT
V.
THE STATE OF TEXAS
                                                       
   STATE
------------
FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Ronnie D. Bobbitt appeals his conviction by jury for felony driving
while intoxicated, which was enhanced by a prior felony conviction. Appellant
raises one point on appeal. We will affirm.
Around 6:00 p.m. on January 14, 2001, police officers from North Richland
Hills were dispatched to the intersection of Grapevine Highway and Davis
Boulevard. The responding officers found Appellant asleep at the wheel of his
car with the engine running, the car in gear, and his foot on the brake.
Appellant smelled of alcohol. The police shook Appellant to wake him up, and as
they instructed Appellant to get out of his car, they noticed that there was an
open, half-full thirty-two ounce bottle of Miller High Life beer in between
Appellant's legs. Appellant appeared intoxicated to the officers, and he
performed poorly on several sobriety tests. He refused to take a breath test.
After hearing and considering all of the evidence presented, the jury found
Appellant guilty as charged in the indictment. During punishment, the State
adduced evidence of Appellant's extensive criminal history, which included two
felony drunk driving convictions, two misdemeanor drunk driving convictions, a
conviction for unlawfully carrying a weapon, and a conviction for assault of a
family member. The jury assessed Appellant's punishment at fifteen years'
confinement and a $10,000 fine.
In his sole point, Appellant argues that the trial court erred in overruling
two of his objections to the State's closing argument during the punishment
phase. The State contends that the trial court did not err because the
prosecutor's argument was a proper and permissible plea for law enforcement. We
agree with the State.
To be permissible, the State's jury argument must fall within one of the
following four general areas: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
Appellant refers to the following portion of the State's closing argument:

 [STATE]: He has gotten every break that he deserves. He deserves no more.
 And just as [the prosecutor] stated, you all should be outraged. No harm, no
 fowl [sic]? Just because somebody wasn't hurt, we should just take it easy and
 give him two? Thank God, we have a law that says that someone can be
 convicted, arrested and convicted of DWI before they get to that point.
 You're safer for it and I'm safer for it. Your children, your grandchildren
 are safer because we have laws. My child is safer. I'm safer. But it's people
 like this man who put all of us in danger, and it's people like this man who
 have been given breaks after breaks after breaks after breaks, and they still
 don't learn their lesson. And then you have someone innocent driving along,
 going to work, getting off work --
 [DEFENSE]: Judge, objection, arguing outside the record.
 THE COURT: Overruled.
 [STATE]: -- who is injured or who is killed. It always amazes me that we
 hear voices, voices. We have an ex-human resource manager. We have a present
 or current fianc[é]e. Voices on how he's a good person, he's a hard worker.
 What about the voices for the people who every day of the year in Tarrant
 County, Texas, are injured by people like Mr. Bobbitt?
 [DEFENSE]: Objection, Your Honor. Arguing outside the record.
 THE COURT: Overruled.

 
Appellant argues that because there was no testimony during trial regarding
other vehicles that Appellant almost hit while driving intoxicated, the State's
argument was merely an attempt to get the jury to speculate on what might have
happened if the police had not arrived. Thus, Appellant contends that the
argument neither constituted a plea for law enforcement, nor a recitation of the
facts or a reasonable inference from the facts.
We agree with the State, however, and hold that under these facts, the
prosecutor's jury argument was an unobjectionable plea for law enforcement and
that it was also a reasonable deduction from the evidence. See Porter v.
State, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980) (holding
State's argument that "people can be killed in armed robberies" formed
part of a proper plea for law enforcement and was also a reasonable deduction
from the evidence of the use of a firearm); Cain v. State, 893 S.W.2d
681, 684 (Tex. App.--Fort Worth 1995) (holding prosecutor's argument that victim
could have been killed was not speculation but rather "a reasonable,
logical, and proper deduction from the record"), aff'd, 947 S.W.2d
262 (Tex. Crim. App. 1997); Estes v. State, 873 S.W.2d 771, 772 (Tex.
App.--Fort Worth 1994, pet. ref'd) (holding that it was a reasonable deduction
from the evidence and a proper plea for law enforcement in prosecution for
burglary of habitation for a prosecutor to refer to the possibility that
something unfortunate might have happened if homeowner had awakened to find the
defendant stealing the video cassette recorder, which was located next to the
homeowner's bed); Gonzales v. State, 807 S.W.2d 830, 836 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref'd) (holding prosecutor's
argument to jury to consider what would have happened if grandmother and aunt of
deceased had arrived at murder scene five minutes earlier was permissible).
Accordingly, we overrule Appellant's sole point.
Having overruled Appellant's sole point, we affirm the trial court's
judgment.
 
                                                                      
PER CURIAM
PANEL F: GARDNER, J.; CAYCE, C.J.; and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1. See Tex. R. App. P. 47.4.