BOBBITT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-506-CR

RONNIE D. BOBBITT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ronnie D. Bobbitt appeals his conviction by jury for felony driving while intoxicated, which was enhanced by a prior felony conviction. Appellant raises one point on appeal.  We will affirm.

Around 6:00 p.m. on January 14, 2001, police officers from North Richland Hills were dispatched to the intersection of Grapevine Highway and Davis Boulevard.  The responding officers found Appellant asleep at the wheel of his car with the engine running, the car in gear, and his foot on the brake. Appellant smelled of alcohol.  The police shook Appellant to wake him up, and as they instructed Appellant to get out of his car, they noticed that there was an open, half-full thirty-two ounce bottle of Miller High Life beer in between Appellant’s legs.  Appellant appeared intoxicated to the officers, and he performed poorly on several sobriety tests.  He refused to take a breath test.

After hearing and considering all of the evidence presented, the jury found Appellant guilty as charged in the indictment.  During punishment, the State adduced evidence of Appellant’s extensive criminal history, which included two felony drunk driving convictions, two misdemeanor drunk driving convictions, a conviction for unlawfully carrying a weapon, and a conviction for assault of a family member.  The jury assessed Appellant’s punishment at fifteen years’ confinement and a $10,000 fine.

In his sole point, Appellant argues that the trial court erred in overruling two of his objections to the State’s closing argument during the punishment phase.  The State contends that the trial court did not err because the prosecutor’s argument was a proper and permissible plea for law enforcement.  We agree with the State.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

Appellant refers to the following portion of the State’s closing argument:

[STATE]:  He has gotten every break that he deserves.  He deserves no more.  And just as [the prosecutor] stated, you all should be outraged.  No harm, no fowl [sic]?  Just because somebody wasn’t hurt, we should just take it easy and give him two?  Thank God, we have a law that says that someone can be convicted, arrested and convicted of DWI before they get to that point.  

You're safer for it and I’m safer for it.  Your children, your grandchildren are safer because we have laws.  My child is safer.  I’m safer.  But it’s people like this man who put all of us in danger, and it’s people like this man who have been given breaks after breaks after breaks after breaks, and they still don’t learn their lesson.  And then you have someone innocent driving along, going to work, getting off work -- 

[DEFENSE]:  Judge, objection, arguing outside the record.

THE COURT:  Overruled.

[STATE]:  -- who is injured or who is killed.  It always amazes me that we hear voices, voices.  We have an ex-human resource manager.  We have a present or current fianc[é]e.  Voices on how he’s a good person, he’s a hard worker.  What about the voices for the people who every day of the year in Tarrant County, Texas, are injured by people like Mr. Bobbitt?  

[DEFENSE]:  Objection, Your Honor.  Arguing outside the record.

THE COURT:  Overruled.

Appellant argues that because there was no testimony during trial regarding other vehicles that Appellant almost hit while driving intoxicated, the State’s argument was merely an attempt to get the jury to speculate on what might have happened if the police had not arrived.  Thus, Appellant contends that the argument neither constituted a plea for law enforcement, nor a recitation of the facts or a reasonable inference from the facts.

We agree with the State, however, and hold that under these facts, the prosecutor’s jury argument was an unobjectionable plea for law enforcement and that it was also a reasonable deduction from the evidence.  
See Porter v. State
, 601 S.W.2d 721, 723 (Tex. Crim. App.  [Panel Op.] 1980) (holding State’s argument that “people can be killed in armed robberies” formed part of a proper plea for law enforcement and was also a reasonable deduction from the evidence of the use of a firearm); 
Cain v. State
, 893 S.W.2d 681, 684 (Tex. App.—Fort Worth 1995) (holding prosecutor’s argument that victim could have been killed was not speculation but rather “a reasonable, logical, and proper deduction from the record”), 
aff'd
, 947 S.W.2d 262 (Tex. Crim. App. 1997);
 
Estes v. State,
 873 S.W.2d 771, 772 (Tex. App.—Fort Worth 1994, pet. ref’d) (holding that it was a reasonable deduction from the evidence and a proper plea for law enforcement in prosecution for burglary of habitation for a prosecutor to refer to the possibility that something unfortunate might have happened if homeowner had awakened to find the defendant stealing the video cassette recorder, which was located next to the homeowner’s bed); 
Gonzales v. State
, 807 S.W.2d 830, 836 (Tex. App.—Houston [1
st
 Dist.] 1991, pet. ref’d) (holding prosecutor’s argument to jury to consider what would have happened if grandmother and aunt of deceased had arrived at murder scene five minutes earlier was permissible).  Accordingly, we overrule Appellant’s sole point.

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 22, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.