Lorenzo Charles PORTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 59095.

Court of Criminal Appeals of Texas, Panel No. 2.

July 16, 1980.

---

[1] Indeed, a careful defense attorney likely would advise his client not to testify under these circumstances.

**722**

Edward Gay, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, David C. Schick and Stewart C. Robinson Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Porter was convicted of aggravated robbery. The jury, upon finding that Porter had previously been convicted of a felony, assessed punishment, enhanced under V.T. C.A., Penal Code, Section 12.42(c), at life.

Appellant contends the court erred in permitting the prosecutor to allude to Porter's failure to testify.

Porter entered a plea of "not guilty" before the jury. After the State presented its case in chief, Porter pled guilty to robbery before the court and requested a charge upon the lesser included offense of robbery. No plea or admission of guilt was made before the jury.

At his closing argument, appellant's counsel went outside the record in admitting Porter's guilt of the lesser offense:

"MR. GAY: . . . Now, first there's no question that but what Lorenzo Porter was the person who was at the 7-Eleven store. There's no question but what Lorenzo Porter committed a robbery, not an aggravated robbery, but a robbery. As the Court has been informed before this trial or during this trial, Lorenzo Porter has admitted to committing a robbery—

"MR. ROBINSON: There's no evidence whatsoever before this jury what he had admitted or does not admit, and I object to that. That's all I can say, but I would object unless he opens up that entire area.

"THE COURT: Counsel, stay within the evidence.

"MR. GAY: I think that as his attorney I can present to the jury certain admissions.

"THE COURT: Based upon the evidence.

"MR. GAY: No one is saying, and I'm not saying to you as Lorenzo Porter's attorney that he didn't commit the robbery. All we are saying to you is, and our position in this case is that he committed a robbery. He placed the young man in fear, but he didn't do it with a firearm. That it was done with some sort of a replica or fake gun, but there's no evidence that it was done with a firearm, and I'll illustrate further my viewpoint on that.

What we are saying is Lorenzo Porter obviously was the man who committed the robbery or he wouldn't come into court wearing the same shirt. He is wearing the same rather distinctive type shirt—if he intended to come in here and deny having committed the robbery. He is not saying that, and I'm not saying that.

We are just here to decide one issue, one very simple single issue, and that is, was this robbery committed with a firearm as it has been defined to you by Judge Lindsey, and he tells you exactly what a firearm is. Any device designed or made or adapted to expel a projectile through a barrel by using the

energy generated by an explosion or burning substance, or any device readily convertible to that use. A firearm, for our purposes here today, is a pistol that is a real actual pistol that can fire a bullet. A pistol that can send a projectile through a barrel.

Now, there's only one issue for you people to decide right now, and I beg of you do not decide that issue on yours or anyone else's surmise or speculation because that will not be a true verdict. Because the State is not content to come in and just charge him with robbery, to which he will plead guilty and admit—

"MR. ROBINSON: (interposing) Your Honor, we object to what he—this man has not testified in this case and for him to tell the jury what he is saying or would say, without us having the opportunity to cross examine him, is highly improper.

"THE COURT: Sustained.

"MR. GAY: I must object at this time to Mr. Robinson's comment on the failure of the Defendant to testify. It's a comment on his failure to testify.

"MR. ROBINSON: Judge, that's the third time I have objected without mentioning the fact that this is the third time that Mr. Gay is saying that this is what the Defendant said or is saying.

"MR. GAY: The Court was informed that the Defendant was pleading guilty to—

"MR. ROBINSON: (interposing) Only after our evidence was presented.

"THE COURT: Counsel, in your summation to the jury, limit it only to what was offered before the jury. Keep your remarks in line with the testimony.

"MR. GAY: I must renew my objection to the comment on the failure to testify.

"THE COURT: Overruled."

We hold that, by presenting to the jury the admission by Porter that he had committed the lesser included offense of robbery, which had not been received as evidence, counsel for appellant invited the remark by the prosecutor which formed the basis of his objection to the testimonial argument. No error is shown.

■ Porter next contends the court erred in overruling appellant's objection to the prosecutor's statement, made during the argument upon punishment, that "people can be killed in armed robberies":

" . . . But you're talking about exactly the type of crime that can be deterred. If someone is saying, 'There is money there, and I might be able to get away with it, but I'm not going to do it. I'm not going to pull an armed robbery in this community. I'm not going to do it because juries don't think that is funny. Juries in this community do not think that armed robbery is the kind of thing they take lightly.' Why? Because people can be killed in armed robberies.

"MR. GAY: Your Honor, I object to that. There's no evidence in this case of anyone being killed or that anyone might have been killed.

"THE COURT: Overruled.

"MR. GAY: He is going completely outside the scope of the record.

"THE COURT: Overruled. Stay within the record."

It is clear from the context of the statement complained of that it formed a part of a proper plea for law enforcement. Further, the statement that "people can be killed" is a reasonable deduction from evidence of the use of a firearm.

No error is shown.

■ Appellant finally contends the evidence is insufficient to show the use of a deadly weapon.

The complainant testified that appellant displayed a pistol. Appellant attempted to discredit this testimony, but it was for the jury as finder of fact to weigh its credibility. We decline appellant's invitation to require, where no weapon has been recovered, expert corroboration that that which a complainant describes as a pistol is in fact a pistol.

The judgment is affirmed.