COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-193-CR

 

 

WALTER EARL HARRIS                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Walter Earl Harris
appeals his conviction for aggravated assault with a deadly weapon.  The jury found Harris guilty and, after he
pleaded true to the habitual offender allegation in the indictment, assessed
his punishment at twenty-five years= imprisonment.  The trial court
sentenced Harris accordingly.  In two
points, Harris argues that the evidence is legally and factually insufficient
to prove that he used a firearm. 
Specifically, Harris argues that there was no or insufficient evidence
to support the Aconclusions@ of the State=s witnesses
that the object that they saw was a firearm as defined by statute. 

As James Reid was driving his
BMW on Rufe Snow Drive in North Richland Hills with his wife, Elizabeth Reid,
and their two-year-old son, Andrew, as passengers, a silver Ford-150 extended
cab truck passed them on the wrong side of the road, into oncoming
traffic.  Steven Bergen and his wife,
Veronica Bergen, were driving home from work at that time, and the silver truck
also passed their vehicle.  The driver of
the truck, Harris, was holding up the middle finger of his left hand, making an
obscene gesture, and was shouting at the BMW driven by Mr. Reid.   

When the vehicles came to a
red light, Harris got out of his truck and began yelling at Mr. Reid.  The Bergens could not hear all of the words,
but they could tell that Harris was cursing at Mr. Reid.  Mr. Reid stepped out of his car and told
Harris that he needed to get back in his truck. 
Harris opened the back door of his truck and removed a white towel or
t-shirt.  Harris unwrapped the cloth and
took out what looked like a gun, and he pointed the object at Mr. Reid.  Mr. Reid cut across oncoming traffic to get
away from Harris, and Harris threw the object in his truck and drove away. 








The Bergens followed Harris,
wrote down the truck=s license
plate number, and called the police.  A
police officer who received the dispatch information saw the truck at a gas
station about six or seven blocks from the location of the incident.  Police recovered a white towel or t-shirt
from Harris=s truck, but
they did not find a gun.  

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The standard of review is the same for direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).








In contrast, when reviewing
the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
        

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).








A person commits the offense
of assault if the person Aintentionally
or knowingly threatens another with imminent bodily injury, including the
person's spouse.@  Tex.
Penal Code Ann. ' 22.01(a)(2)
(Vernon Supp. 2005).  An assault becomes
aggravated if the person Auses or
exhibits a deadly weapon during the commission of the assault.@  Id. ' 22.02(a)(2).  Here, the
indictment alleged that Harris committed aggravated assault by using or
exhibiting a deadly weapon, Ato-wit: a firearm,@ and therefore, the State was required to prove beyond a reasonable
doubt that Harris used or exhibited a firearm. 
See Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). 

The Texas Penal Code=s definition of a deadly weapon includes Aa firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury.@  Tex. Penal Code Ann. ' 1.07(17)(a) (Vernon Supp. 2005). 
The term Agun@ is broader than the term Afirearm@ and may
include nonlethal instruments such as B.B. guns, blow guns, pop guns, or grease
guns.  O=Briant v. State, 556 S.W.2d 333, 336
(Tex. Crim. App. 1977).  Absent any
specific indication to the contrary at trial, the jury may reasonably infer
from the complainant=s testimony
that a Agun@ was used in
the commission of a crime that the gun was a firearm. Benavides v. State,
763 S.W.2d 587, 589 (Tex. App.CCorpus Christi 1988, pet. ref=d); see Joseph v. State, 681 S.W.2d 738, 739 (Tex. App.CHouston [14th Dist.] 1984, no writ) (testimony that defendant used Agun@ or Along-barrelled gun@ was sufficient to establish that he used a firearm).  Additionally, testimony regarding the use of
a revolver or a pistol is sufficient to support a finding of use and exhibition
of a firearm.  See Gomez, 685
S.W.2d at 336; Riddick v. State, 624 S.W.2d 709, 711 (Tex. App.CHouston [14th Dist.] 1981, no pet.). 
       













Here, the record is replete
with evidence that Harris used or exhibited a firearm as alleged in the
indictment.  Mr. Bergen testified that
the object that Harris pointed at Reid was Aa pistol,@ Athe gun,@ and Aa revolver.@  Mrs. Bergen testified that the object was a
black Alonger-barreled gun@ and that it was a revolver. 
She stated that she did not know much about guns and that she did not
know whether it was a real gun.  Mr. Reid
testified that Harris pointed Aa pistol@ at him, his
wife, and his son.  Mr. Reid testified
that he Asaw what looked like a revolver, black, wooden handle.@  He testified that he is
familiar with guns because he frequently hunts, he was in the Marine Corps for
five years, and he likes guns.  Mrs. Reid
testified that she was familiar with guns because she grew up in the country
and her father taught her how to load, shoot, and clean a gun.  She testified that the object was a black or
brown revolver.  Contrary to Harris=s assertion, if, as here, a weapon is not recovered, corroboration of
the complainant=s
description of the weapon in the form of expert testimony is not required.[2]  Gomez, 685 S.W.2d at 336; Porter v.
State, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980).  








Viewing all the evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that Harris used or exhibited a
firearm.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693.  Moreover, viewing all the evidence in a
neutral light, favoring neither party, we hold that the jury was rationally
justified in finding guilt beyond a reasonable doubt; the evidence supporting
the verdict is not too weak to support the finding of guilt beyond a reasonable
doubt, and the contrary evidence is not so strong that the
beyond-a-reasonable-doubt standard could not have been met.  Zuniga, 144 S.W.3d at 484-85.  We overrule both of Harris=s points and affirm the trial court=s judgment.   

 

 

PER CURIAM

 

PANEL F:    WALKER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 13, 2006











[1]See Tex. R. App. P. 47.4.





[2]Harris
also argues that Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App.
2005) and Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005)
support his argument that the Amere conclusions@ of
the prosecution=s
witnesses that the object was a firearm were insufficient or no evidence to
prove that the item was a firearm.  But
those cases dealt with insufficient evidence to support the trial courts=s
determinations during the suppression hearings that the officers had either
reasonable suspicion to detain or probable cause to arrest the defendants.  See Torres, 182 S.W.3d at 902 (holding
that insufficient evidence existed to support arresting officer=s
probable cause determination when he testified at the suppression hearing that
he arrested defendant because two sheriff=s deputies told him that they
believed the defendant was intoxicated); Ford, 158 S.W.3d at 493
(holding that officer=s
statement at suppression hearing that the defendant violated a traffic law by
following another car too closely, without specific, articulable facts to
support the conclusion, was insufficient evidence for the trial court to assess
whether his opinion was objectively reasonable).  These cases are clearly distinguishable from
the present case.  Here, the eyewitnesses=s
statements were not mere conclusions or opinions that the object was a firearm;
the eyewitnesses=s
statements provided specific facts from which the jury could evaluate the
reasonableness of their beliefs that the object was a firearm.