**Affirmed and Memorandum Opinion filed July 10, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 4-11-00848-CR**
_____

**CHRISTOPHER JAMES STARKS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1294911**

## MEMORANDUM OPINION

Appellant Christopher James Starks was convicted of aggravated robbery. The trial court assessed punishment at nineteen years' imprisonment and a $5,000 fine. Appellant urges on appeal that the evidence is insufficient to prove beyond a reasonable doubt that the gun he displayed during the robbery was a firearm. We affirm.

## BACKGROUND

On June 23, 2010, appellant entered the First Convenience Bank located inside a Kroger grocery store off of Interstate 45 near FM 2920. Amber Kelly, a part-time personal banker, testified that appellant leaned across her teller counter and said, with an "aggressive attitude," "[G]ive me all your money." Kelly froze and asked appellant if he was "serious," to which appellant replied, "I'm not gaming . . . give me all your money." Kelly testified that appellant stated, "You think I'm playing with you?" and twice "lifted up his shirt and showed [her] the top handle of his gun."

After Kelly stood "in awe" for several seconds, Erika Lafiton, the teller next to Kelly, asked appellant how she could help him. Kelly testified that when appellant replied, "[G]ive me all your money, give me all your money," Lafiton immediately unlocked her cabinets and gave appellant all of the money from her drawer. The State submitted video evidence from the security cameras at the bank that supports Kelly's testimony but does not clearly show appellant's gun.

Kelly testified that she could only see the "little handle portion of [the gun]" when appellant lifted his shirt. She confirmed that the gun "appear[ed] to be a real firearm," but admitted that she "really . . . didn't know." She testified that she was "in fear of imminent serious bodily injury or death" because she "assumed" that the gun was a real firearm and that he might "use the gun on [her]." On cross-examination, Kelly admitted that she had never owned a firearm nor lived in a house with anyone who had one.

The jury found appellant guilty of aggravated robbery and assessed punishment at nineteen years' imprisonment and a $5,000 fine. Appellant argues on appeal that the evidence is insufficient to prove that he used or displayed a real firearm during the robbery, and that the evidence therefore is insufficient to support his conviction of aggravated robbery.

2

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Palomo v. State*, 352 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)). The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *Id.* (citing *Isassi*, 330 S.W.3d at 638). Further, we defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.* This standard applies to both circumstantial and direct evidence. *Id.*

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). A person commits the offense of aggravated robbery if the person uses or exhibits a deadly weapon in the course of committing a robbery. TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). The State alleged, in relevant part, that appellant "did then and there use and exhibit a deadly weapon, namely, A FIREARM" during the course of the robbery.

A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West 2011). Therefore, a firearm is a deadly weapon per se. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). Where the State alleges the use of a firearm in a charge of aggravated robbery, it must prove beyond a reasonable doubt that the weapon used was a firearm. *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). A firearm is "any device designed, made, or adapted to expel a projectile

3

through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." TEX. PENAL CODE ANN. § 46.01(3) (West 2011); *see also Edwards v. State*, 10 S.W.3d 699, 701 (Tex. App.—Houston [14th Dist.] 1999) (using § 46.01(3) to define term "firearm" in context of aggravated robbery), *pet. dism'd per curiam, improvidently granted*, 67 S.W.3d 228 (Tex. Crim. App. 2002). The term "gun" is much broader than "firearm" and may include such non-lethal instruments as BB guns, blow guns, pop guns, and grease guns. *O'Briant v. State*, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977); *Arthur v. State*, 11 S.W.3d 386, 389 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). A "gun" can be defined as a "'portable firearm such as a rifle, pistol, revolver, shotgun, carbine, etc.'" *Carter v. State*, 946 S.W.2d 507, 511 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (quoting BLACK'S LAW DICTIONARY (5th ed. 1979)).

Appellant argues in his only issue on appeal that Kelly's testimony is insufficient to establish beyond a reasonable doubt that the gun used in the robbery was a real firearm. We disagree.

Kelly testified that she "was able to recognize" that appellant showed her "a gun." Testimony using the term "gun" ordinarily is sufficient to authorize the jury to find that a deadly weapon was used. *Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979). "Absent any specific indication to the contrary at trial, the jury should be able to make the reasonable inference, from the victim's testimony[,] that the 'gun' [that] was used in the commission of a crime, was, in fact, a firearm." *Cruz v. State*, 238 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). We find no indication in this record of guilt-innocence to suggest that the jury's inference that appellant's gun was a firearm was not reasonable.[1]

---

[1] During the punishment phase of appellant's trial, however, the jury did hear evidence that when appellant was arrested after a subsequent bank robbery, police recovered an Air Soft pistol from his vehicle that appears to be, but is not actually, a firearm. Appellant insisted at the punishment phase that he used the Air Soft pistol recovered by police, rather than a firearm, to threaten Kelly. We do not consider this

Kelly also confirmed at trial that, although she only saw the "little handle portion" of the gun, it "appear[ed] to be a real firearm." Where a witness has identified a gun as a firearm, the witness's competence is not undermined simply because she did not see each component of the gun; nor must the State "prove the pistol was operative nor negate the exceptions of curio or antique." *See Riddick v. State*, 624 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1981, no pet.) (holding that woman's testimony that robber threatened her with "pistol" was sufficient to uphold conviction for armed robbery despite fact that she could only see barrel of gun (citing *Wright v. State*, 582 S.W.2d 845, 847 (Tex. Crim. App. [Panel Op.] 1979), and *Walker v. State*, 543 S.W.2d 634 (Tex. Crim. App. 1976))). Therefore, it was not necessary for the State to have elicited further testimony about the appearance of appellant's gun to support the jury's finding that it was a firearm. *See id.*

Additionally, Kelly testified that appellant showed her the gun twice and aggressively stated: "You think I'm playing with you? Give me all your money." Where the accused threatens the victim with a gun, this act in itself is evidence suggesting the gun is a firearm. *Edwards*, 10 S.W.3d at 701–02 (evidence that robber pointed gun at child and threatened to kill child if mother did not "hand over" Christmas presents supported jury finding that gun was a firearm); *Riddick*, 624 S.W.2d at 711–12 (evidence that robber showed bank teller the end of gun sticking out of bag and twice threatened to shoot her supported jury finding that gun was a firearm). Not only did appellant threaten Kelly by gesturing to his gun, he also reinforced this threat by telling her that he was not "gaming" or "playing" with her. *See Benevides v. State*, 763 S.W.2d 587, 588–89 (Tex. App.—Corpus Christi 1988, pet. ref'd) (evidence that robber pointed gun at store clerk and

---

evidence in analyzing the sufficiency of the evidence to support the jury's determination that appellant used a "firearm." As appellant exercised his right not to testify on the matter until after the guilt-innocence phase of trial had concluded, the jury did not hear any evidence about the Air Soft pistol until after the jury already had decided that appellant's gun was a "firearm."

5

threatened, "I'm not playing! I don't want to hurt you!" supported jury finding that gun was a firearm). Such evidence supports the jury's finding.

With respect to the effect of Kelly's inability to definitively testify that the gun was a firearm, appellant cites *Redwine v. State*, 305 S.W.3d 360, 367 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd), to argue that Kelly's testimony on this issue renders her identification of the gun as a firearm insufficient. In *Redwine*, this court held that "'[i]f . . . the sole witness is unsure and there are no other connecting or corroborating facts or circumstances[,] the jury is left without evidence upon which to translate unrelieved uncertainty into belief from the evidence beyond a reasonable doubt.'" *Id.* (quoting *United States v. Murray*, 527 F.2d 401, 410 (5th Cir. 1976)) (analyzing equivocal identification of appellant as perpetrator). However, we also stated in *Redwine* that if equivocal testimony "can be coupled with other corroborating evidence, the conviction still may be affirmed." *Id.* Even assuming that Kelly's testimony constitutes equivocation, appellant's use of the gun to verbally and physically threaten Kelly corroborates her contention that the gun was a firearm. *See Edwards*, 10 S.W.3d at 701–02; *Benevides*, 763 S.W.2d at 588-89; *Riddick*, 624 S.W.2d at 711–10.

The policy underlying our holding is sound. A complainant's lack of familiarity with firearms should not impair the State's ability to prosecute for an aggravated offense when it is the appellant's threatening gestures that caused the complainant to believe that what looked like a firearm was, in fact, a firearm. *See Edwards*, 10 S.W.3d at 701–02; *Benevides*, 763 S.W.2d at 588–89; *Riddick*, 624 S.W.2d at 711–10. While Kelly could not testify with certainty that the gun *was* a firearm, she never expressed any doubt that the gun *looked like* a firearm. Nor was there any indication that she was confused as to what a firearm looks like. In *Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980), the Court of Criminal Appeals stated:

> The complainant testified that appellant displayed a pistol. Appellant attempted to discredit this testimony, but it was for the jury as finder of fact to weigh its credibility. We decline appellant's invitation to require, where

no weapon has been recovered, expert corroboration that that which a complainant describes as a pistol is in fact a pistol.

*Id.* at 723. Kelly's testimony that the gun appeared to be a firearm is evidence that the jury must weigh when determining whether the gun was, indeed, a firearm. *See id.* We defer to the jury's resolution of the evidence on this issue.[2] *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) ("[The jury] may choose to believe some testimony and disbelieve other testimony."); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (jury may believe or disbelieve any portion of witness's testimony).

Based on this record, we conclude that a rational fact finder could have found beyond a reasonable doubt that appellant used a firearm in the course of the robbery. *See Palomo*, 352 S.W.3d at 90. We overrule appellant's issue.

## CONCLUSION

Having overruled appellant's only issue on appeal, we affirm the judgment of the trial court.

/s/     Sharon McCally
        Justice

Panel consists of Justices Frost, McCally, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[2] Appellant seems to argue that *Payne v. State*, 790 S.W.2d 649 (Tex. Crim. App. 1990), requires absolute, uncontroverted proof that the gun used in a robbery was an actual firearm. *See id.* at 652 n.3 ("If the handgun was real, appellant committed aggravated robbery; if not, he committed only robbery."). However, the court in *Payne* held only that the defendant's testimony that he used a toy gun raised a significant factual issue as to his guilt on the aggravated robbery charge to which he confessed, and that the trial court's error in failing to allow him to timely withdraw his "guilty" plea caused appellant harm. *Id.* at 652. It is well established that testimony on an element of a crime need not be absolutely definitive or uncontroverted to constitute proof beyond a reasonable doubt. *See Porter*, 601 S.W.2d at 723.

7