

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00321-CR

Edward **ROCHA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR8265
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: August 26, 2020

AFFIRMED

Edward Rocha appeals his conviction for aggravated robbery. He presents two issues on appeal: (1) the jury's deadly weapon finding is not supported by sufficient evidence; and (2) the trial court erred by denying his motion for mistrial. We affirm the judgment of conviction.

### BACKGROUND

Rocha was indicted for the aggravated robbery of Jorge Villarreal. The indictment alleged Rocha exhibited or used a deadly weapon, specifically a firearm, in committing the offense. Rocha

pled not guilty, and the case proceeded to a jury trial. The trial court admitted numerous exhibits into evidence, and several witnesses testified.

According to the exhibits and witness testimony, Villarreal drove to a Valero gas station to put air in his car's tires, and get free coffee because the Spurs had won their game the night before. Villarreal parked his car on the side of the Valero, next to the air pump. He then approached the front of the Valero, but realized he was likely too late for free coffee, so he walked back to his car.

According to Villarreal, a man approached him, drew a gun, and demanded the keys to the car. When Villarreal refused, the man fired a round toward the ground near Villarreal's leg. Villarreal described the gun as a small black pistol, and stated the man pointed the gun at him during most of the incident. Villarreal identified Rocha as the man who approached him with the gun.

Villarreal testified another man then approached the car, grabbed him, and tried to get him away from the car. Villarreal stated the other man also demanded the keys to the car. Rocha and the other man who approached Villarreal got into the car, and Villarreal tried to stop them from driving away. Villarreal testified Rocha fired the gun at him again; this time toward his head, but missed. Villarreal continued to struggle with Rocha, who attempted to fire the gun again, but the gun was out of bullets. Rocha and the other man got out of the car and then ran away. The trial court admitted photos from Valero's security camera showing Rocha approaching Villarreal's car, holding a small black object, and pointing the object at Villarreal.

The jury found Rocha guilty of aggravated robbery. The jury also found Rocha had used or exhibited a deadly weapon, a firearm, in committing the offense. The trial court assessed and then imposed Rocha's punishment. Rocha timely filed a notice of appeal.

## DEADLY WEAPON FINDING

Rocha argues the deadly weapon finding is not supported by legally sufficient evidence. In reviewing the legal sufficiency of the evidence, we must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We view all the evidence in the light most favorable to the verdict. *Id.* We must defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences. *Id.*

A robbery is aggravated if the defendant uses or exhibits a deadly weapon in committing the offense. TEX. PENAL CODE §§ 29.02(a), 29.03(a)(2). The statutory definition of "deadly weapon" expressly includes a firearm. TEX. PENAL CODE § 1.07(a)(17)(A). "A firearm is a per se deadly weapon." *Gonzales v. State*, No. 04-17-00263-CR, 2018 WL 5621879, at *5 (Tex. App.—San Antonio Oct. 31, 2018, pet. ref'd) (mem. op., not designated for publication).

Rocha argues, "The only evidence to suggest Appellant might have used a deadly weapon [is]: 1) victim's testimony that Appellant used a gun; 2) bullet casings and fragments found in the parking lot; and 3) the recovery of a firearm near the car wash 9 days later." Rocha "acknowledge[s] the existence of precedent that a lay witness's testimony that he saw a firearm may support a jury finding of a deadly weapon." (citing *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985)). Rocha argues:

> Mr. Villarreal never testified that he has any familiarity with firearms. He never testified that he can recognize a firearm or ever previously heard the sound of a firearm discharging. No gunshot residue analysis was taken. Accordingly, his testimony that Appellant used a gun was not sufficient to show Appellant used a firearm as defined by the charge and statute.

Rocha's arguments relate to Villarreal's credibility as a witness. Moreover, Rocha does not argue why the photograph from the security camera showing him holding a small black object, pointed

at Villarreal, and the other evidence (such as the recovery of a gun and shell casings) are not sufficient to support the jury's deadly weapon finding. We hold the evidence is legally sufficient to show Rocha used and exhibited a firearm, a deadly weapon, in committing the robbery. *See Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980).

## DENIAL OF A MOTION FOR MISTRIAL

Rocha also argues the trial court erred by denying his motion for a mistrial based on testimony about Rocha's mugshot. The State presented the testimony of San Antonio Police Department officer Nicholas Johnson, who was involved in the investigation of this case. Officer Johnson testified that during his discussions with other officers, he learned the identity of the suspects involved in the robbery. Officer Johnson testified as follows:

> Q. And equipped with that information from [the other officers], what was the next step of your investigation?
>
> A. I wanted to develop a lineup. So we end up doing that by sending a request off to Bexar County. ***They have access to mugshots and they'll create lineups from that.***
>
> Q. When you say "create lineups," do you give them information on who you want included in the lineup?
>
> A. Just the -- the suspect we're looking at --
>
> Q. Okay.
>
> A. -- and they'll include -- they will take fillers that match.
>
> Q. Okay.
>
> [Defense Counsel]: Your Honor, may we approach real quick?

(emphasis added). The jury was excused, and the following exchange occurred:

> [Defense Counsel]: Your Honor, during the testimony, the detective that's on the stand at this time -- there was a mention of a lineup that was given to a complainant to review based upon photographs that the detective had obtained from -- well, not the photographs. He had obtained photographs from a video from the store that was allegedly at the location where a robbery may have occurred. He had gotten

information from two separate officers and . . . if I remember correctly, that identified the individuals. And then he asked a lineup to be made up from mugshots. From what I recall, ***during testimony he referred to them as mugshots; created a lineup based on mugshots, insinuating that there would have been a mugshot from my client available. As such, I'm asking for a mistrial based on that statement***, Judge.

[THE STATE]: And, Judge, I can go back and clarify that the other photos may be based on a mugshot, but the Defendant's photo is what was sent to him over from PD when he sent the information requesting that a lineup be created.

THE COURT: Let me read what the officer's answer was. Oh, you can have a seat.

(Reviewing reporter's record.)

THE COURT: So at that point there was no objection. So the Court is going to deny the mistrial. But here's the thing let's -- and we can go off the record.

(Discussion off the record.)

THE COURT: For now, the Court is going to deny the motion for mistrial.

(emphasis added). On appeal, the State argues Rocha's motion for mistrial was untimely.

"A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). "A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* "Whether an error requires a mistrial must be determined by the particular facts of the case." *Id.*

"Rule 33.1 of the Texas Rules of Appellate Procedure provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). "In accordance with Rule 33.1, a motion for mistrial must be both timely and specific." *Id.* "A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Id.*

Rocha argues the State's question about mugshots inappropriately suggested he already had a mugshot, and thus a criminal history. However, Rocha did not address the issue until after the objectionable question was answered, and after another question was asked and answered. Furthermore, Rocha did not object or ask the trial court to instruct the jury to disregard the testimony. Rather, he simply moved for a mistrial. "When, as in this case, a party requesting a mistrial does not first seek a lesser remedy, a reviewing court cannot reverse the trial court's judgment if the alleged error could have been cured by a less drastic alternative." *Juan v. State*, No. 04-15-00770-CR, 2017 WL 2960407, at *8 (Tex. App.—San Antonio July 12, 2017, pet. ref'd) (mem. op., not designated for publication). On this record, we cannot say a lesser remedy (such as sustaining an objection and an instruction to disregard the objectionable testimony) could not have cured the alleged error. *See id.* We overrule Rocha's second issue.

## CONCLUSION

We affirm the judgment of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH