

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00056-CR

_____

**LEON DEMARCUS BARKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 20-26394**

_____

## MEMORANDUM OPINION

_____

Leon Demarcus Barker was convicted of two counts of aggravated sexual assault

with a deadly weapon, a firearm, and sentenced to 60 years in prison on both counts.  *See*

TEX. PENAL CODE § 22.021(a)(1)(A)(i)-(ii), (a)(2)(A)(iv).  Because the evidence is sufficient

to support the deadly weapon element of the offenses, the trial court's judgments as to

Counts One and Two are affirmed.

**BACKGROUND**

Barker and the victim had been in a dating relationship but were still friends.  After

socializing with others at the victim's house, Barker remained after the others left. He and the victim eventually began arguing about each other's children who were no longer being raised by either of them. Barker slapped the victim and pulled a gun out, pointed it at her, and threatened her. He then choked her with one hand while holding the gun in the other hand. Ultimately, Barker sexually assaulted the victim and placed the gun next to her head on the bed during the assault.

### SUFFICIENCY OF THE EVIDENCE

In one issue, Barker asserts the evidence is insufficient to support the deadly weapon element for the two charges. Barker does not, however, challenge the sufficiency of the evidence to support the other elements of the sexual assaults.

#### *Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex.

Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

### *Barker's argument*

Notwithstanding this standard, Barker contends the authority governing the review of the sufficiency of the evidence to prove specifically a deadly weapon is antiquated, comparing it to the "Flat Earth" movement, and should be changed. He argues that the law should require specific proof that the purported weapon is deadly, such as when a knife is alleged as the deadly weapon, rather than accepting as sufficient testimony that the weapon used is a "gun" as authorized by the Court of Criminal Appeals in *Wright v. State*, 591 S.W.2d 458 (Tex. Crim. App. 1979) This is not the law in

Texas, and even if we had the authority or the power as an intermediate appellate court of appeals to do so, we are not inclined to change the law regarding whether a firearm is, *per se*, a deadly weapon. Certainly, even if the time is ripe to change the law, this is not the place or the case in which to accomplish such a change.

### Deadly Weapon Sufficiency

A deadly weapon is "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." TEX. PENAL CODE § 1.07 (a)(17)(A). A "firearm" is "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." *Id.* § 46.01(3).

"Testimony using any of the terms 'gun', 'pistol' or 'revolver'" is sufficient to authorize a deadly weapon finding. *Wright*, 591 S.W.2d at 459; *see Cruz v. State*, 238 S.W.3d 381, 388-89 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The "term 'gun' may be a much broader term than 'firearm' and may include such nonlethal instruments as BB guns, blow guns, pop guns, and grease guns[,]" but "[a]bsent any specific indication to the contrary at trial, the jury should be able to make the reasonable inference, from the victim's testimony that the 'gun' [] used in the commission of a crime, was, in fact, a firearm." *Cruz*, 238 S.W.3d at 388. In addition, if a weapon is not recovered, corroboration of the complainant's description of the weapon in the form of expert testimony is not required. *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985); *Porter v. State*, 601 S.W.2d 721 (Tex. Crim. App. 1980). Further, just as the introduction of the weapon into evidence is not required to meet the legal sufficiency standard for a deadly weapon

finding, there is likewise no requirement that a victim be able to distinguish one type of firearm from another or even to describe the firearm used. *See Price v. State*, 227 S.W.3d 264, 267-68 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd untimely filed); *see also Wright v. State*, 591 S.W.2d 458, 459.

### *Application*

In this case, the words "gun," "weapon," "handgun," and "firearm" were used by the victim, law enforcement, and the prosecutor to describe the weapon used by Barker. The record contains no evidence suggesting the weapon used by Barker was "a toy or anything other than a firearm." *Cruz*, 238 S.W.3d at 389. The victim told the jury that Barker got up from the table and slapped her in the face. He then "turned around and loaded his gun and said I just killed somebody a week ago, and I'm about to kill you, b[****], and I don't give a f[***]." She explained that she knew the weapon was loaded because Barker "picked up his weapon, he cocked it and pointed it at me." The victim knew Barker to carry a gun before this incident, so it was no surprise to her when he revealed it. The surprise was that he "actually turned the weapon on me after promising me that he would never let anything bad happen to me." Although she was not "educated in weapons," she described the weapon Barker had as "ha[ving] a silver – silver top with a black bottom and the handle was black."

### CONCLUSION

Based on the standards expressed, and not disavowed, by the Court of Criminal Appeals, the jury could make the reasonable inference from the testimony that the weapon Barker used in the commission of the two sexual assault offenses was, in fact, a

firearm and thus, a deadly weapon. Accordingly the evidence was sufficient to support

the deadly weapon element, and Barker's sole issue is overruled.

Having overruled Barker's sole issue, the trial court's judgments are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed July 19, 2023
Do not publish
[CRPM]

