

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-24-00387-CR

---

Randall Joseph Lewis, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 144th District Court
Bexar County, Texas
Trial Court No. DC2024CR1984

---

## MEMORANDUM OPINION[1]

Appellant Randall Joseph Lewis appeals his conviction of unlawful possession of a firearm

by a felon. Finding no error, we affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I. Background

In November 2023, Stacie Lewis called 911 and reported that Lewis, her nephew, came to her home with a gun. Because Lewis had a previous felony conviction, he was arrested and charged with unlawful possession of a firearm by a felon. At trial, the State presented evidence of his prior conviction, the audio of the 911 calls, the testimony of Stacie and San Antonio Police Officer Timothy Clark, and Clark's body camera video. The State did not offer the firearm into evidence. The jury found Lewis guilty and, because of two habitual offender enhancement findings, sentenced him to 25 years.

In two issues, Lewis challenges the sufficiency of the evidence to support his conviction under (1) the due process clause of the United States Constitution and (2) the due process clause of the Texas Constitution. ANT 9 U.S. Const. amend. V, XIV; Tex. Const. art. I §19. Because we review the legal sufficiency of the evidence under one standard, we address both issues as one. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (holding that sufficiency of the evidence is reviewed under one standard).

# II. Analysis

## A. Standard of review

It is "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). To that end, in a legal sufficiency review "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Id*.

**B. Unlawful possession of a firearm**

A person who has been convicted of a felony and released from confinement or supervision more than five years ago commits the offense of unlawful possession of a firearm if he possesses the firearm at "any location other than the premises at which the person lives." Tex. Penal Code Ann. § 46.04(a)(2). Because the statute does not include a culpable mental state, "intent, knowledge, or recklessness suffices to establish criminal responsibility." Tex. Penal Code Ann. §6.02(b), (c). An offense is committed intentionally if it is the actor's "conscious objective or desire to engage in the conduct or cause the result." *Id*. § 6.03(a). It is committed knowingly if the actor "is aware of the nature of his conduct or that the circumstances exist." *Id*. §6.03(b). And an offense is committed recklessly when the actor "is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id*. §6.03(c).

**C. Sufficiency of the evidence**

Lewis does not dispute that he was convicted of a felony in 2010 and sentenced to 180 days in jail or that he did not live at his aunt and uncle's house (which would have permitted him to lawfully possess a gun there). Lewis challenges the sufficiency of the evidence to show (1) that the gun was in fact a firearm, (2) that he possessed a firearm, and (3) that that he had the necessary *mens rea*.

**(1) Evidence of a firearm**

Lewis points out that the State did not offer the gun into evidence. There is no requirement that the weapon be in evidence so long as there was other sufficient evidence from which a juror could find that a firearm was involved. *See, e.g.*, *Hutchings v. State*, 333 S.W.3d 917, 920 (Tex. App.—Texarkana 2011, pet. ref'd) (finding sufficient evidence of unlawful possession of a firearm based on witnesses' testimony about the firearm); *Tapps v. State*, 257 S.W.3d 438, 446 (Tex. App.—Austin 2008), aff'd, 294 S.W.3d 175 (Tex. Crim. App. 2009) (same). Stacie testified

that she saw Lewis take a gun out of his jeans and place it on a table in her garage. Clark's body camera also captured video of the gun when Clark picked it up to inspect it. Even without admission of the gun in evidence, a rational juror could believe the testimony that a gun was present.

Lewis also argues that the State did not present any evidence showing that the handgun was examined to "verify that it was, in fact, a weapon." In offenses involving the possession or use of a firearm, the State has no burden to prove that the firearm was a real, instead of a fake or inoperable, weapon. *Ramos v. State*, No. 03-24-00350-CR, 2025 WL 2677894, at *5 (Tex. App.—Austin Sept. 19, 2025, no pet. h.) (mem. op., not designated for publication) (citing *Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980) and *Leadon v. State*, 332 S.W.3d 600, 610 (Tex. App.—Houston [1st Dist.] 2010, no pet.)).

There was sufficient evidence that the item that Lewis put in Stacie's garage was a firearm.

### (2) Evidence of possession

Lewis argues that the evidence that he possessed the firearm was legally insufficient because it consisted solely of one witness's statements to law enforcement and testimony. Stacie's husband, Lewis's uncle, did not testify although he was there that night and it was he whom Lewis asked to take the firearm. Nor did the police witness Lewis with a gun. When Officer Clark arrived, the gun was sitting on a table and Clark admitted that he never saw Lewis with the gun. Finally, there was no evidence that Lewis admitted to possessing the gun.

The testimony of one eyewitness can be sufficient to support a verdict. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Castilla v. State*, 374 S.W.3d 537, 539 (Tex. App.—San Antonio 2012, pet. ref'd). Although the State could have called Lewis's uncle to testify, it was not required to do so. "[T]he State has the right to prove its case in any way it may see fit under proper rules and regulations, and an accused cannot be allowed to direct either the method or

4

manner of such proof." *Johns v. State*, 236 S.W.2d 820, 822 (1951); *Gonzales v. State*, 466 S.W.2d 772, 774 (Tex. Crim. App. 1971) ("Normally the State is not required to call every witness that may be available to it."). If a rational juror could believe Stacie's testimony that Lewis had a gun when he came to her house, it is sufficient to support the verdict.

Lewis further contends that Stacie's testimony alone was not sufficient to establish possession because she is "admittedly hostile to Mr. Lewis due to family history." Lewis's challenge in this regard is not to the sufficiency of the evidence but to Stacie's credibility. "As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (en banc).

We hold that there was sufficient evidence that Lewis possessed a firearm.

### (3) *Mens Rea*

Finally, Lewis challenges the sufficiency of the evidence to establish that he had the requisite *mens rea*, arguing that there was no evidence that he "was coherent or aware that he was in possession of a weapon." The jury heard evidence that Lewis asked his uncle to take the gun and to keep it safe for him. A rational juror could conclude that because Lewis was trying to get rid of the firearm, he knew and was aware that he possessed it.

Lewis also points to evidence that he was "mumbling" and "speaking rather incoherently," that he had a history of drug use, and that he was not given a sobriety test. However, voluntary intoxication, defined as "resulting from the introduction of any substance into the body," does not constitute a defense to the commission of crime." Tex. Penal Code Ann. § 8.04 (a); (d). In his brief, Lewis also references his history with mental illness, including bi-polar disorder. But if Lewis sought to defend his actions on the basis of a mental illness, the burden was his, not the State's, to prove the affirmative defense by showing that "as a result of a severe mental disease or defect, [he]

5

did not know that his conduct was wrong." Tex. Penal Code Ann. § 8.01(a); *Lantrip v. State*, 336 S.W.3d 343, 346 (Tex. App.—Texarkana 2011, no pet.) ("Defendants are presumed to be sane and the State carries no burden to prove sanity.") (citing *Manning v. State*, 730 S.W.2d 744, 748 (Tex. Crim. App. 1987). Lewis did not raise the defense of insanity, and he cites to no evidence that would meet his burden had he raised it.

The evidence was legally sufficient to establish that Lewis either intentionally, knowingly, or recklessly possessed a firearm. We overrule Lewis's two issues.

## III. CONCLUSION

A rational juror could find that the State established all elements of the offense of unlawful possession of a firearm. The conviction was therefore supported by legally sufficient evidence. The judgment of the trial court is affirmed.

MARIA SALAS MENDOZA, Chief Justice

December 11,2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

6